WILLIAM DENNISON AND ROBERT E. NEIL, EXECUTORS OF WILLIAM NEIL, *v.* THEODORE TALMAGE AND OTHERS.

1. Executors or administrators, whether appointed in this state or elsewhere, who have not given bond in this state, with sureties, agreeably to law, and who were original parties to the action, are not authorized to prosecute an appeal from the court of common pleas to the district court, without giving an appeal bond or undertaking.

2. Where the law requires the appellant to give such appeal bond or undertaking, the court of common pleas from whose judgment the appeal is taken, has no power, by its order or otherwise, to dispense with the execution of the bond or undertaking, or to relieve the appellant from the obligation to give it, the court's power in that respect being limited to fixing the *amount* of the bond and designating the party to whom it shall be made payable.

3. Where the appellant, in a case in which such appeal bond or undertaking is required by law, neglects to give the same within the time limited for that purpose, the fact that the court below made an order to the effect that no bond was required does not authorize the appellant to perfect his appeal by afterward giving such bond or undertaking in the district court.

MOTION for leave to file a petition in error to the District Court of Franklin county.

William Neil died testate, May 15, 1870, and the plaintiffs in error were duly appointed by the Probate Court of Franklin county, and qualified as his executors, but in accordance with a provision in the will they gave no official bonds as such executors.   The testator was seized of certain lands situate in the State of Missouri, which he sold

during his lifetime, and on the 30th of April, 1872, Talmage brought an action against the executors and John S. Neil, alleging that he was a judgment creditor of John S. Neil, and that these lands and the purchase-money received therefor were held by the testator in trust to pay the claim of Talmage and the other debts of John S. existing at the time the lands were acquired by the testator, and praying that the purchase-money so received should be placed in the hands of a trustee and applied in payment of these debts.

Subsequently other creditors of John S. were made parties defendant, and by answers set up their claims as such creditors, some of them claiming priority of right over the others.

The executors and John S. Neil answered, denying the trust, and also denying the validity of Talmage's claim, but without denying the validity of the claims of the other creditors, or that they were such at the time the land was acquired, and were still unpaid.

Upon the hearing of the cause the court found and adjudged that "said William Neil did take the title to said lands in trust for the creditors of said John S. Neil, as stated in said petition; that said William Neil died before he had fully administered said trust, and without having accounted for the proceeds of the sale of said lands, and that the creditors of said John S. Neil, for whose benefit said trust was created, have a right to an account of said trust and of the proceeds of the sale of said lands." And the court thereupon ordered and decreed that the cause should be referred to a master commissioner, to ascertain and report the amount of the trust fund, the costs of its administration, the names and number of the creditors, with the amounts and nature of their several claims, their priorities, etc. And all issues not thus determined in the cause were reserved till the coming in of the master's report.

Immediately following this decree and order of reference, is the following entry upon the journal:

" The executors of William Neil give notice of their intention to appeal this cause to the district court, *for which no bond is required.*"

The court made no order fixing the amount of the bond, or directing to whom it should be made payable.

The transcripts and papers of the case were duly filed by the clerk in the district court, as required in cases of appeal, but without any appeal bond having been given by or on behalf of the appellants. Talmage, and also one of the other creditors of John S. Neil, thereupon moved the district court to dismiss the appeal, for the reason that no appeal bond had been executed, the thirty days allowed by law for that purpose having expired; and the executors moved the court for leave to file such a bond. This motion of the executors was overruled, the motion to dismiss the appeal sustained, and the appeal was accordingly dismissed.

It is now claimed that in refusing to receive this bond, and in dismissing the appeal, the district court erred.

*Harrison, Olds & Marsh,* and *H. C. Noble,* for the motion.
*M. A. Daugherty, L. J. Critchfield,* and *C. E. Burr,* contra.

WELCH, C. J. The right of appeal rests solely upon statutory provisions, and unless those provisions are complied with, the right can not be made available. The statute allowing appeals to the district court (2 S. & C. 1162, sec. 2) requires the appellant, in order to perfect his appeal, to give an undertaking within thirty days from the rising of the court. This is the general provision, and the only exception to it, or at least the only exception applicable to cases like the present where the executors or administrators were original parties, is contained in the 6th section of the same statute. By this latter section it is provided, that " in no case shall administrators or executors (and guardians), who may have given bond with security in this state according to law, be compelled to give bond and security in order to perfect their appeal." The same

provision as to executors and administrators is found in section 243 of the statute for the settlement of estates of deceased persons (S. & C. 612), which exempts from the necessity of giving appeal bonds executors and administrators " who may have given bond and security in this state according to law."

A simple reading of these provisions would seem to be all that is necessary to show that they were not complied with in this case by the executors. They gave no appeal bond, nor had they " given bond with security in this state," as such executors. They have neither complied with the general rule, nor have they brought themselves within the exception, if the apparently plain reading of the statute is to prevail.

But it is said on behalf of the executors that these provisions are not to be read and construed by themselves, and that when construed in connection with section 242 of the act for settlement of estates of deceased persons (S. & C. 612, sec. 242),the true meaning is that it is only *foreign* executors and administrators who are required to give bond and security in this state as such executors or administrators, in order to entitle them to perfect an appeal without bond. We dissent wholly from this construction. It is far fetched; it does violence to the plain words of both statutes, and it does not seem to us to be warranted by any considerations of justice or public policy.

But it is also claimed by counsel for the executors, that the court of common pleas had power to decide the question whether executors should be required to give an appeal bond, and that its journal shows that it duly exercised that power by ordering that no bond should be required.

Whether the words " for which no bond is required," with which the journal entry concludes, are, in this form of entry, to be regarded as part of the order of the court, or as a part of the notice of appeal placed on the record by the executors, we think it is unnecessary to determine. I regard it as part of the notice, both because of its close connection with the words of the notice, and also because the

court had no power to make such an order. That the court had no such power we all agree. As we understand the law in such cases, after the court has rendered its final judgment its power in that respect is limited to two things —namely, fixing the *amount* of the bond, and deciding to *which party* it shall be made payable; and these powers can only be exercised in specified cases. Doubtless this was a proper case for the exercise of that power. But the court has no more power to dispense with the bond, where one is required by law, than it has to require a bond where one is not required by law. If the court can dispense with the bond in favor of executors and administrators, it can dispense with it in favor of individual parties in all cases where the court is authorized to fix the amount of the bond. To concede such a power to the court would be to nullify the plain provisions of the law requiring appeal bonds. It is the law, and not the court, that determines the *cases* in which bonds shall be given. The power of the court is merely to determine the *amount* and the *obligee* of the bond, and is limited in its effect to cases in which the *law itself* requires the bond. Whether, in a given case, the law requires an appeal bond is to be determined by the appellate court, when the case comes there, subject only to review on error; and parties must, at their own peril, and within the thirty days allowed by law, decide the question for themselves, just as they must decide for themselves many other questions on which the jurisdiction of the appellate court is made to depend.

It is also claimed that the district court erred in refusing to receive the appeal bond offered by the executers. We are referred by counsel to no authority in support of the supposed right to give such a bond, and thus confer jurisdiction upon the court; nor is any statutory provision cited giving such right. We need only say that in our judgment there is no such right, and that jurisdiction can not thus be conferred.

We think the court, in refusing the bond and dismissing the appeal, committed no error.

*Motion overruled.*