(Hamilton County Court of Common Pleas.)

## IN THE MATTER OF THE ESTATE OF PHILLIP ZIEGLER.

The Probate Court, in settling the account of an administrator de bonis non, found that he was indebted to the estate in a large sum of money, and ordered him to pay to his successor the amount so found to be due. The administrator appealed, and, at the direction of the court, executed an appeal bond in a sum much less than the amount due the estate.

On motion to dismiss the appeal on the ground that the appeal bond was not sufficient in amount, it was held:

1. That the finding of the amount due and the direction to pay was judgment for money, and that the appeal bond must be in a sum double the amount of the judgment.

2. That where a bond given on appeal from the Probate Court in such a case is defective in that the amount thereof does not conform with the requirements of the law, it may be amended, with the consent of the sureties, by inserting the correct amount, or the appellant may give a new bond in the proper sum.

---

HOLLISTER, J.

The Probate Court in settling the accounts of B. H. Lamping as administrator de bonis non of Phillip Ziegler, deceased, made an order: "That said B. H. Lamping, as administrator, should be charged with, and in law has in his possession unadministered of the assets of said estate, the sum of $15,988.78, with interest thereon from December 29, 1894, and that there is due to said estate from said B. H. Lamping said sum of $15,988.78, with interest as aforesaid. It is therfeore ordered, adjudged and decreed that said B. H. Lamping pay to Chas. J. Hunt, administrator de bonis non of the estate of Phillip Ziegler, deceased, the said sum of $15,988.78, with interest from December 29, 1894. To all of which the said B. H. Lamping excepts and gives notice of his intention to appeal, and the court fixes the bond for said appeal in the sum of $2,500."

The case was appealed and is now heard on motion to dismiss the appeal for want of a legal appeal bond.

The appeal was taken by virtue of the provisions of Sec. 6408, Rev. Stats., which provides that: "When the order, decision, or decree, from which the appeal is taken, directs the payment of money, the undertaking shall be in double the amount thereof, and in other cases, in such amount as shall be prescribed by the proabte court."

It was not necessary, in order to protect all of Hunt's rights against Lamping, for the court to direct Lamping to pay to Hunt the amount which the court found Lamping owed the estate. The finding itself was sufficient to support an action against Lamping's sureties on his bond. Secs. 6020, 6214 Rev. Stat.; Slagle v. Entrekin, 44 Ohio St., 637.

If the order of the court had stopped at that finding without any direction to pay, the bond would have been sufficient; but the court went on and directed Lamping to pay. That it could do so there can be no doubt. Slagle v. Entrekin, supra, where the court say at page 640: "That where upon the settlement of the accounts of an administrator or executor, who has resigned or been removed, the amount due from him to the estate has been ascertained and determined by the probate court, it is not error in the court to order its payment to his successor in the administration of the estate.

It is not an order of distribution, but a judgment in favor of the estate against him.* * "

While this direction may not have been necessary, yet if it was not error, and is a judgment, the probate court may enforce it under Sec. 544 Rev. Stat., which provides that: "Orders (of the probate court), for the payment of money may be enforced, by execution or otherwise, in the same manner as judgments in the Court of Common Pleas; and all such executions shall be direted to the sheriff, or in his absence or disability to the coroner." Were it not for the appeal, Hunt could at once have issued execution against Lamping. The appeal operates, therefore, as a stay of execution, and the same reasons which actuated the Legislature in fixing the amount of the supersede-as bond in such cases, by the provisions of Sec. 6718, Rev. Stat., at double the amount of the judgment or order, would seem to be applicable to cases of appeal from judgments, of the kind under consideration.

The case of Mannix v. Goebel, 1 C. C. 550, does not justify the reliance placed upon it by counsel for Lamping. In that case Mannix, assignee of Purcell was a defaulter to his trust in a large amount of money. The Probate Court found the amount in settling his accounts, and directed him to pay over to his successor the amount found due. The probate judge fixed the appeal bond at double the amount. The appeal was not to the entire order, but only from the finding of the court as to the amount due. The Circuit Court held that Mannix could appeal from a part of the order, and that, as that was not an order for the payment of money only, the case came within the "other cases" referred to in the statute, and was an order made in settling the assignee's accounts. Therefore it was held that in such case the amount of the bond was discretionary with the court.

In the case at bar, the appeal was taken to the entire order, including that part of it which directed the payment of the money. If this is a judgment, as the Supreme Court say it is, it is certainly a judgment for the payment of money only, and there can be no escape from the conclusion, however reluctantly it may be reached, that the bond fixed should have been in double the amount of the judgment. And see White v. Morlidge, 7 C. C., 348, 351. But the appellant claims that even if this conclusion is reached, yet under sec. 5114 of the Rev. Stats., he may amend his bond.

By virtue of that statute: "The court may, before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding * * * by correcting a mistake in the name of a party, or a mistake in any other respect* * *. And when an action or proceeding fails to conform to the provisions of this title, the court may permit the same to be made conformable thereto." Section 5115 is also pertinent: "The court, in every stage of an action, must disregard

any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

That steps taken to perfect an appeal constitute proceedings is settled in this state. Irwin v. Bank, 6 Ohio St., 81; Winterfeld's Appeal, 29 Bull., 226; Negley v. Jeffers, 28 Ohio St., 90.

In Irwin v. Bank, the bond was defective in that it was rather a guaranty than a bond, and it was held that it might be amended by consent of sureties, or a new bond by way of amendment might be filed.

Negley v. Jeffers was a case where the surety signed the bond, but the principal failed to do so. The court followed Irwin v. Bank, and decided that an amendment could be made, "either by permitting the party, with the consent of the surety, to subscribe the undertaking on file, or by allowing the party to enter into a new undertaking." The court say, at page 98: "The code provision is for the benefit of the party making a mistake and authorizes the court, in furtherance of justice, to permit him to add or strike out the name of a party, or correct a mistake in the name of a party, or in any other respect."

In Watts v. Shewell, 31 Ohio St., 331, several judgments were entered against Shewell who gave a general notice of appeal. By mistake, the appeal bond recited only one of the judgments, and he was permitted to amend by reciting all of them.

In Johnson v. Johnson, 31 Ohio St., 131, the bond, on appeal from the probate court, was defective in that it omitted some of the conditions required by the statutes permitting appeals. The court was of opinion that: "The undertaking was too substantial, in both form and substance, to be treated as a nullity, and it should not have been so treated, unless the jurisdiction of the court of common pleas in appeals from the probate court, for the purpose of amendment does not attach until an undertaking is filed containing all the conditions prescribed by the section giving the appeal. A rule so strict would tend to defeat, rather than promote the administering of justice in our courts. We think the undertaking in this case was sufficient in form and substance to give the court of common pleas jurisdiction of the same for this purpose."

Says Judge Swan in Irvin v. Bank, at page 89: "The code authorizes an amendment when the mistake goes to the substance of the pleadings or proceedings. It further authorizes an amendment of a mistake in any respect, broader and more efficient language could hardly have been used to vest this power. The only limit seems to be to cases where an amendment would not be a furtherance of justice. While, on the other hand, courts will not visit upon a suitor the mistakes of his attorney, by throwing his case out of court, they will, at the same time, carefullly protect the party who objects to a defect in pleadings and proceedings from suffering any unreasonable delay or injustice by the correction of mistakes."

Section 5114 is remedial in its nature, and should be liberally construed, and further the statutes expressly provide that the provisions of part third, wherein, under title 1, the powers of the probate court and the procedure therein are found, "And all proceedings under it shall be liberally construed in order to promote its object and assist the parties in obtaining justice.* * *"

In White v. Moerlidge, 7 C. C., 348, the bond on appeal from the probate court was made to the "State of Ohio" instead of "the adverse party," and the court permitted it to be amended so as to conform to the requirements of the statute. On page 355, the court, per Smith, J., say: "In all of these cases (citing 6 Ohio St., 81; 31 Ohio St., 131; 35 Ohio St., 638), it is expressly held that the statute being a remedial one, is to be liberally construed. In the cases cited there was nothing to show the mistake but the bonds themselves, as in this case; and the mistake as in these cases was, in not following the plain instructions of the statute, but the amendments were allowed."

The cases cited and the case at bar differ materially from Dennison v. Talmage, 29 Ohio St., 433, for in that case no appeal bond was given, and the jurisdiction of the common pleas being dependent upon the existence of a bond, the court of necessity must dismiss the appeal. Lamping's bond was substantial in amount, and was good as to form. It was fatally defective in that the amount did not meet the statutory requirements. But so were some of the other bonds which, in the cases cited, the court permitted to be amended. There can be no degrees of fatalness. The cause of death is quite immaterial to a man, whether from the scratch of a pin or occasioned by a gun shot wound. This bond was no more fatally defective than some of the others mentioned. If the defect can be cured in those cases it can in this. That the mistake was intentional on the part of Lamping and his counsel can not for a moment be entertained. The facts fail to disclose, and it was not to their interest to give a totally defective bond. The utmost the appellee can suffer is the delay attendant on a final adjudication of his rights; but this penalty is paid by almost every successful litigant in matters of moment. The appellee has now, if the amendment is made, not only his remedies against Lamping and his sureties on the bond originally given when he was appointed, but against the sureties on the amended appeal bond.

The motion will be granted unless Lamping within ten days amend his bond, with the consent of his sureties, or give a new bond in double the amount of the judgment.

Miller Outcalt and Frank Bruner for Hunt administrator; Edward Colston for Lamping.