CHARLES C. PARMELE ET AL., APPELLEES, V. EMMA C. M. SCHROEDER ET AL., APPELLEES, AND JOHN LINDER ET AL., APPELLANTS.

ANNA M. DEWEY, APPELLEE, V. EMMA C. M. SCHROEDER ET AL., APPELLEES, AND JOHN LINDER ET AL., APPELLANTS.

FILED JANUARY 3, 1900.    No. 9,084.

1. **Mortgage Foreclosure: DECREE: DEFICIENCY.** In an action of foreclosure the decree *in personam* does not become final until after the sale of the property and entry of judgment for the deficiency.

2. ——: ——: ——: **EXCEPTIONS TO APPRAISEMENT: APPEAL.** In a foreclosure suit, a defendant who is adjudged liable for any deficiency remaining after a sale of the property may file exceptions to the appraisement without forfeiting his right to appeal from the final judgment in the case.

3. **Final Order.** A decree is not final, if anything remains to be done by the court before it can be executed.

4. **Decree of Foreclosure: DEFICIENCY: APPEAL: DISMISSAL.** An appeal from a decree of foreclosure by a defendant who objects only to the entry of a deficiency judgment against him is premature, if taken before the rendition of such judgment.

APPEAL from the district court of Cass county. Heard below before RAMSEY, J. *Appeal dismissed.*

*Morris & Marple, E. E. Aylesworth, Duffie, Gaines & Kelby, Duffie & Van Dusen* and *A. N. Sullivan,* for appellants.

*Jesse L. Root, Byron Clark, C. A. Rawls, Allen Beeson* and *R. B. Windham, contra.*

SULLIVAN, J.

These actions, which have been consolidated and are submitted together, were instituted in the district court of Cass county to foreclose real estate mortgages executed by Fred and Emma Schroeder. Renneau, Linder and Hahn were made defendants, on the theory that they had purchased the mortgaged premises of the Schroeders,

and had, as a part of the transaction, assumed and agreed to pay the several items of indebtedness secured by the mortgages. The trial court rendered a decree of foreclosure in the usual form, and at the same time fixed and established the liability of appellants for any deficiency remaining after the sale of the property and the due application of the proceeds. The appellants contend that they never accepted a deed from the Schroeders for the property covered by the mortgages in suit, and that they have, therefore, no interest in such property. They find no fault with the decree of foreclosure, and only ask for a reversal of the judgment so far as it makes a possible deficiency a personal charge against them.

The first question for decision is whether the appellants have, by their conduct, forfeited their right to prosecute an appeal in this case. We think they have not. It is true that they, or at least one of them, filed exceptions to the appraisement of the property, which was made for the purpose of a sale under the decree of foreclosure. These exceptions were called to the attention of the court by counsel for appellees, at whose instance the appraisement was set aside as being too low. It is now contended that the filing of the exceptions to the appraisement was an assertion of ownership of the property, which precludes an appeal grounded on a disclaimer of such ownership. We are not able to perceive why appellants might not, with propriety, suggest to the court that the property about to be sold under the decree of foreclosure had not been fairly appraised; and we do not see any good reason for holding that such suggestion should be regarded as a conclusive admission of ownership. See *Tama County v. Melendy*, 55 Ia., 395; *Barker v. White*, 58 N. Y., 204.

The next question to be decided is whether the judgment appealed from is final. We think it is not. We think the appeal is premature, and that it must be dismissed. In *Dainese v. Kendall*, 119 U. S., 53, Chief Justice Waite observed: "The authorities are uniform to the

effect that a decree to be final for the purposes of an appeal must leave the case in such a condition that, if there be an affirmance here, the court below will have nothing to do but execute the decree it has already entered." If there be a deficiency in this case, the judgment already rendered against the appellants can not be enforced by execution, or otherwise, without a further judicial order. The court will be obliged to ascertain the amount of the deficiency, and render a judgment therefor after the execution of the decree of foreclosure. The point has been already definitely settled by this court in *Millard v. Parsell*, 57 Nebr., 178. We are inclined to think, after examining the record, that the judgment against appellants is not supported by sufficient evidence; but we can not, at this time, dispose of the case on the merits. The appeal is

DISMISSED.