WILLIAM KERR v. LOUIS LOWENSTEIN.

FILED JUNE 4, 1902.   No. 11,013.

Commissioner's opinion, Department No. 1.

1. **Appeal**: ERROR: ADMINISTRATOR: EXECUTOR. On an appeal or proceeding in error by an administrator or executor from a judgment rendered against him by the district court in his administrative capacity, no supersedeas bond or other undertaking is required in order to stay the execution of the judgment pending the appeal. Compiled Statutes, 1901, ch. 23, sec. 338.

2. **Supersedeas**: BOND: ADMINISTRATOR: ERRONEOUS ORDER OF COURT. No liability attaches on account of the execution of a supersedeas bond by an administrator not required by statute, executed in accordance with an erroneous order of the district court making its execution a condition precedent to the stay of execution pending the appeal by such administrator.

ERROR from the district court for Adams county. Tried below before BEALL, J. *Affirmed.*

*John C. Stevens (John M. Ragan,* of counsel), for plaintiff in error.

*Tibbets Bros. & Morey, contra.*

KIRKPATRICK, C.

This is an action brought in the district court of Red Willow county against Louis Lowenstein, defendant in error, and others, upon a supersedeas bond given by one Emil Linder, administrator of the estate of Samuel Hirsch, deceased, upon which defendant in error Lowenstein, J. E. Kelley, and S. Strasser were sureties. No service seems to have been made or attempted upon any of the parties to said bond except defendant in error. Plaintiff in error in his petition sets up the execution and approval of the supersedeas bond, of which a copy is set out. Defendant in error answered, admitting the execution of the bond, and alleged that Emil Linder, the principal, was, at the date of the execution of the bond, administrator of the estate of Samuel Hirsch, deceased; that he had failed to sign such bond as such administrator, and that for that reason the sureties therein were released and discharged; and that the bond set out in the petition was unauthorized by statute, and was, therefore, null and void; and that the judgment to supersede which the bond was executed, was rendered against Linder in his administrative capacity, and that no bond was required of him as administrator in order to appeal or prosecute error from the judgment rendered against him in the district court; and that Linder, as administrator, had been required to give said bond by order of the court as a condition precedent in order to supersede the judgment of the district court; and that said Linder was the duly appointed, qualified and acting administrator of the estate of Samuel Hirsch, deceased, and had duly given bond as such; and that said estate was then wholly unsettled and pending in the probate court of Adams county. To this answer plaintiff filed a reply which was, in effect, a general denial. Trial was

had to the court, a jury having been waived, which resulted in a finding and judgment for defendant in error, and against plaintiff in error, Kerr, to reverse which, error is prosecuted to this court.

The facts disclosed by the record are, briefly, as follows: On the 8th day of September, 1893, a judgment was rendered in the district court of Red Willow county in a foreclosure suit, awarding to plaintiff in error the sum of $1,295.85, being a certain portion of the surplus money realized from a sale of mortgaged premises after the satisfaction of the amount due on the mortgage. This sum Emil Linder, as administrator, claimed was due to the estate which he represented, and he took exceptions to the judgment of the court awarding the sum to plaintiff in error, prosecuted error to this court, and executed the bond in suit for the purpose of preventing the clerk of the district court from paying over the sum in controversy to plaintiff in error. This judgment so appealed from was by this court affirmed, and the money in the hands of the clerk of the district court was by him paid over to plaintiff in error. Thereupon plaintiff in error brought this action upon the bond, asking to recover $285.12 interest on said fund, accruing while the error proceedings were pending and the fund retained by the clerk, together with the sum of $40 expended as costs in and about litigation of the case in this court. The trial court, as a conclusion of law, found as follows:

"The court finds that as a matter of law under the statutes of this state, Emil Linder, administrator, could obtain a review of the questions and issues presented and decided in the case of Adams County Bank, Plaintiff, v. Abraham Loeb et al., heretofore pending in the district court of Red Willow county, without executing, tendering and having approved a supersedeas bond. The court further finds that under the law the said Emil Linder, by executing and having approved said bond, and causing said bond to be approved, assumed no liability thereby under said bond, and is not bound by its conditions and

provisions, and that the principal in said bond not having thus assumed any liability by executing such bond and causing the same to be approved, the sureties are not in law liable on said bond. In other words, the court holds that, the administrator not being required under the statute to execute bond for purpose of taking an appeal, the trial court requiring the administrator to execute such bond would not create a liability against him or his sureties. It is therefore considered by the court that this case be and it is hereby dismissed at plaintiff's cost."

It is contended by plaintiff in error that this conclusion by the trial court is erroneous, and this presents the only question necessary to be determined. Its determination depends upon the effect to be given to section 338, chapter 23, Compiled Statutes, 1901, which is as follows: "Every executor or administrator who may have given bond in this state, with surety agreeably to law, shall be authorized, in all cases of appeal from one court to another by him made, to prosecute the same without filing an appeal bond, such appeal to be prosecuted to the district court as appeals are now taken from courts of justices of the peace." This section applies to error proceedings as well. Plaintiff in error, in his brief, concedes the correctness of the conclusion of the trial court that Linder, as administrator, had a right to prosecute error to the supreme court from the judgment against him without giving an undertaking, but he contends that such prosecution of appeal or error would not have resulted in superseding the judgment appealed from, and that, in order to stay the execution of such judgment, he, as all other litigants, must give a bond agreeably to sections 588 and 677 of the Code of Civil Procedure. We are unable to agree to this contention. The effect of such construction would be to render meaningless that portion of the section quoted which gives the administrator the right "to prosecute the same without filing an appeal bond." It is no doubt true, as contended by plaintiff in error, that the right to prosecute error or appeal from the district court to the supreme court exists

without the execution of an appeal undertaking, and this right is enjoyed by all litigants in common. If the legislature, by the language used, intended to say no more than that an administrator or executor should also enjoy this right, the section would be entirely useless. It is elementary in the construction of statutes that such construction is favored which gives to the entire enactment force and effect, if possible, and, adopting this rule, we are required to say that the language quoted was inserted for the purpose of taking administrators and executors, duly qualified and acting as such, who have given bond agreeably to law, out of the general rule requiring litigants to give bond in order to supersede judgments rendered against them from which they desire to appeal.

It may be urged that the last clause of section 338, namely, "such appeal to be prosecuted to the district court as appeals are now taken from courts of justices of the peace," is restrictive, limiting the right of the administrator or executor to appeal without giving an appeal bond only to appeals from the county court to the district court, and that in appealing from the judgment of the district court to the supreme court, he is in no better position than other litigants. We can not read this meaning into the section without doing violence to the language · employed by the law framers. It is clear to us that the clause last above quoted was added for no other purpose than to provide the manner in which the appeal to the district court should be taken, namely, in the same manner "as appeals are now taken from courts of justices of the peace." · At the time of the enactment of section 338, the mode of going from the district court to the supreme court was in all manner of cases fully covered by statute, but this was not true as to appeals and error proceedings from probate or county courts to the district court. There was no occasion for saying that the appeal to the supreme court should be prosecuted as appeals are now prosecuted from the district court in all other cases. In determining the force to be given to the last clause of the section,

whether it is a restriction upon the right of the administrator to appeal without giving a bond or merely a direction as to the mode of taking the appeal to the district court, it is necessary to ascertain what is the antecedent of the relative words "such appeal." It may be admitted that, as a general rule of grammatical construction, relative words must ordinarily find their antecedents in the next preceding word or words to which they may refer; but this rule is subject to the exception that, if such construction would involve an absurdity, do violence to the plain intent of the language, or if the context for other reason requires a deviation from the rule, it will be necessary and proper to look for another antecedent. Broom, Legal Maxims, 500. In our view, the clause should be read as if it said "such appeal by an executor or administrator to be prosecuted to the district court as appeals are now taken from courts of justices of the peace." This construction harmonizes the entire section; it gives to the administrator authority in all cases of appeal from one court to another to prosecute the same without filing an appeal bond, and in appealing to the district court, directs him to look to the statute governing appeals from justices of the peace, and follow the procedure therein indicated. Any other construction leads to absurdity. If the language, "such appeal to be prosecuted to the district court," etc., is a limitation upon his right to go further than that court without filing a bond, the sweeping language, "in all cases of appeal from one court to another by him made," becomes misleading, if not surplusage. If such had been the intent, the legislature would naturally have employed more direct language, instead of general terms, and not leave the limitation to be inferred from a dependent clause which is easily capable of a construction that no limitation was intended.

But, if there is a reason based in sound policy for the right granted by statute to appeal to the district court without bond, and such reason applies with equal force to appeals from the district court as to appeals to that

court, any doubt about the meaning of the statute, if such exists, should, for obvious reasons, be resolved in favor of the administrator's authority to appeal from a judgment of the district court without filing a bond. It is not to be supposed that the legislature would limit his right to appeal without bond to the district court in doubtful or ambiguous language, when the reason for the exemption is inconsistent with such limitation. We find provisions substantially like that quoted in most of the states, and, so far as we have examined, the uniform rule of the courts has been that an administrator or executor, who has appealed as such from a judgment affecting him in his representative capacity, has a right to prosecute error or appeal to the courts of last resort without giving an additional bond or undertaking, and that the judgment appealed from is superseded during the pendency of the appellate proceedings. The rule is based in sound reason that an administrator or executor who has given a bond as such sustains a trust relation; that, in appealing from a judgment affecting the trust, he acts in a fiduciary capacity; that he is liable upon his bond for any misfeasance, and that it is not necessary for him to give other or additional bond in every successive step necessary to be taken in the due administration of the estate; that where, in his judgment, the interest of the estate requires him to appeal, the duties imposed by his trust are not discharged unless he prosecutes such appeal. Any other rule would lead to hardship, and might result in disaster to the estate. A timid administrator, especially in cases of doubt, would naturally shrink from assuming personal liability as imposed by an appeal bond, rather than subject questionable claims to the scrutiny of the courts. Moreover, the bonds required of ordinary litigants, particularly in judgments for the recovery of money, require the appellant to pay or satisfy such judgment as may be rendered against him by the appellate court. Suppose, in the case of an administrator, that the estate he represents were insolvent, and only a per cent. of the claims against it could be paid,

and such administrator were required to give the bond above referred to in double the sum of the judgment, and the appellate court affirmed the judgment, it might result in his being obliged to pay such claims in full, to the exclusion of all other claims; or it might result in the sureties on his bond being obliged to pay more than their principal, as administrator, would have been called upon to pay. *Buttlar v. Davis,* 52 Tex., 74; *Mallory v. Burlington & M. R. R. Co.,* 53 Kan., 557; *Dennison v. Talmage,* 29 Ohio St., 433; *Butler v. Jarvis,* 117 N. Y., 115; *Roberts v. Wheeler,* Wright [Ohio], 697. The proceeding in which the bond in the case at bar was given was an error proceeding, but it will not be seriously contended that in section 338, now under consideration, the word "appeal" is used in its specific, rather than generic, sense. The section under consideration is a general provision for authorizing appeals or error proceedings by administrators or executors without giving appeal bonds. Section 234 of chapter 23, providing for appeals from the allowance of claims against an estate, contains the language following: "No executor or administrator shall be required to enter into bond to entitle him to appeal." Other provisions of the same chapter, providing for appeal bonds by heirs and other persons interested in the estate, who, upon the refusal of the administrator to prosecute appeal, desire to interpose and resist the allowance of a claim, indicate clearly that the purpose of the legislature was to exempt administrators and executors from giving additional bonds in order to prosecute appeals from judgments entered against them in their representative capacity. Should it be urged that the construction placed upon section 338 would lead to the result of permitting an administrator or executor to institute an action in a county other than that of his appointment without first furnishing security for costs, as provided by law for other nonresidents of the county, it may be said that, if this question is not disposed of by the provisions of section 337, chapter 23, the section under consideration could not be construed

to grant such authority, as it only purports to give authority to prosecute appeals and error proceedings from one court to another by an administrator or executor when appealing from judgments rendered against him in his administrative capacity. We conclude, therefore, that Emil Linder should not have been required to give the bond in suit, and that the prosecution of error proceedings by him superseded the order made by the trial court pending appeal without the execution of such bond.

It is next contended that, in case it is held that under the statute the administrator was not required to give the bond in suit in order to stay the execution of the judgment, the bond, formal in all respects, and no statute forbidding its execution, the bond not being contrary to public policy, was voluntary, and is therefore still good as a common-law obligation, and the sureties are liable thereon. We are unable to find merit in this contention. We do not think a bond executed in pursuance to an order of the trial court, making its execution a condition precedent to the right to appeal, however erroneous such order might be, can be said to be a voluntary bond upon a good consideration, within the rule of the cases cited by plaintiff in error. Our attention has not been called to any case which sustains the proposition contended for. To hold that this is a valid common-law obligation, enforceable as such, would be to put it into the power of the trial court to deprive an administrator or executor of an exemption founded in sound policy and granted in explicit terms by the legislature.

In the case of *Freeman v. Hill*, 45 Kan., 435, it is said: "The bond executed by Waynant, as administrator, and by Samuel Hill as surety, can not be regarded as a statutory bond. It can not be considered good as a common-law bond, because Waynant as administrator had the right to appeal without giving any undertaking; therefore no benefit was obtained by the execution of the bond, and no injury or damage resulted from its execution to the plaintiff or to anyone else." *Steele v. Crider*, 61 Fed. Rep., 484.

There appears to be no error in the judgment of the district court, and it is therefore recommended that the same be affirmed.

HASTINGS and DAY, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.