HERMAN B. PRICE, APPELLEE, V. GEORGE R. FOUKE,
APPELLANT.

FILED FEBRUARY 10, 1912.   No. 16,592.

APPEAL from the district court for Lancaster county:
LINCOLN FROST, JUDGE.   *Affirmed.*

*G. W. Berge*, for appellant.

*Claude S. Wilson*, contra.

PER CURIAM.

Plaintiff commenced this action in justice court. A jury trial was had on the 14th day of September, 1909, which resulted in a verdict and judgment in favor of plaintiff. On the 24th day of September, defendant filed his appeal bond, and on the 16th day of the following October the transcript on appeal was filed in the district court, which was 32 days after the rendition of the judgment. The statute (code, sec. 1008) requires the appeal to be taken within 30 days next following the rendition of the judgment. Plaintiff filed his motion to dismiss the appeal, for the reason that it was not filed within the 30 days prescribed by the statute. The motion to dismiss was resisted on the ground that the transcript had been duly demanded by defendant, that it had not been furnished until after the expiration of the 30 days, and that the failure to procure it was chargeable to the justice of the peace and through no fault or want of diligence on the part of defendant or his attorney. Affidavits were filed in support of, and opposition to, the motion. Application was later made for an order requiring the witnesses to appear in court for oral examination. The order was made, and the witnesses appeared and gave their testimony in open court. The motion to dismiss the appeal was sustained and the appeal dismissed. Defendant appeals.

It is shown in the bill of exceptions that the transcript was called for on several occasions during the 30 days, and was completed and ready for delivery on the 12th day of October, two days before the expiration of the time within which it might be filed in the district court. The evidence was conflicting in many respects, but particularly as to whether the transcript was demanded or called for after its completion. Upon this question there was a sharp and direct conflict. If defendant's attorney is not mistaken, he asked for the transcript on the 14th day of October, the last of the 30 days allowed for filing.

50

If the justice of the peace is not mistaken, his attention was not called to the matter nor the transcript called for at any time after it had been prepared. Both parties testified candidly, no doubt, but the conflict remains. The witnesses were all before the court, and we cannot reverse the decision on the weight of the evidence. A finding by the trial court upon conflicting evidence, in a law action, will not be disturbed on appeal unless manifestly wrong.

The judgment dismissing the appeal is therefore

AFFIRMED.