IN RE ESTATE OF EDWARD G. DOVEY.
GEORGE E. DOVEY, ADMINISTRATOR, APPELLANT, V. FRANK E.
SCHLATER, SPECIAL ADMINISTRATOR, APPELLEE.

FILED APRIL 29, 1916. No. 19476.

Executors and Administrators: APPEAL: BOND. Where a judgment has
been rendered by a county court against the administrator of the
estate of a deceased person in his representative capacity, the ad-
ministrator may appeal to the district court without an additional
bond.

APPEAL from the district court for Cass county; JAMES
T. BEGLEY, JUDGE. *Reversed, with directions.*

*John L. Webster* and *D. O. Dwyer,* for appellant.

*C. A. Rawls* and *W. A. Robertson, contra.*

BARNES, J.

This is an appeal from a judgment of the district court
for Cass county dismissing the appeal of George E. Dovey
from a judgment for $54,297.64 rendered against him as
administrator of the estate of E. G. Dovey.

The district court dismissed the appeal of the admin-
istrator because he had failed to file an appeal bond. The
record discloses that he was unable to furnish such a
bond, and contended that, by reason of the fact that he
had given a bond as such administrator, which had been
duly approved by the court, he was not required to file an
additional appeal bond, even if he had been able to fur-
nish such bond. The record further discloses that E. G.
Dovey departed this life in the year 1881; that he left
surviving him, as his only heirs at law, George E. Dovey,
Oliver C. Dovey and Horatio N. Dovey, together with his
widow, Jane A. Dovey; that appellant, George E. Dovey,
was appointed administrator of the estate of the dece-
dent, gave his bond as such administrator and entered
upon his duties; that Jane A. Dovey died on the 20th day

of November, 1913, and that Frank E. Schlater was appointed special administrator of her estate.

After Schlater qualified as special administrator, he filed an application in the county court of Cass county to require George E. Dovey to render an account of his doings as administrator of the estate of his father. In answer to the citation issued by the county court, George E. Dovey appeared and filed his answer under oath as provided by law. The report also contained matters which required consideration by the county court. On the filing of the report and inventory, a citation was issued and published notifying all parties interested in the estate of the time fixed for the consideration of the report. The special administrator filed an answer and exceptions, and without further process or proceedings, and without any appearance of the other heirs of the estate of E. G. Dovey, the court took the matter under advisement, and on the 9th day of June, 1915, rendered the following judgment: "Wherefore it is ordered adjudged and decreed that the estate of Jane A. Dovey, deceased, through the special administrator, Frank E. Schlater, have and recover from George E. Dovey, as administrator of the estate of Edward G. Dovey, deceased, the sum of $54,297.64, together with costs of suit, and that execution be, and the same is hereby, awarded for said amount and costs." From that judgment George E. Dovey prosecuted an appeal to the district court, alleging and showing by affidavit that he was unable to secure an appeal bond. It appears from the record that no pleadings were ever filed in the county court praying for or even suggesting that a judgment be rendered against George E. Dovey as an individual. No order of distribution was ever made. Neither were the amounts due each of the heirs ever determined, and nothing was done giving said heirs or the special administrator of the estate of Jane A. Dovey the right to recover their several shares from the said George E. Dovey. It is contended that the county court was without jurisdiction

to render such a judgment. Section 1427, Rev. St. 1913, provides: "Every executor or administrator who may have given bond in this state, with surety as provided by law, shall be authorized in all cases of appeal from one court to another, by him made, to prosecute the same without filing an appeal bond, such appeal to be prosecuted to the district court as appeals are now taken from courts of justices of the peace."

The effect of this statute was stated in *Kerr v. Lowenstein*, 65 Neb. 43. In that case a suit was brought upon an appeal bond, and the sureties defended upon the sole ground that under the terms of the statute the administrator was not required to give the appeal bond, and therefore the bond was a nullity and no action could be maintained thereon. The adverse party stated that, notwithstanding the administrator might sue out an appeal without giving an appeal bond, such an appeal would not supersede the judgment. The court held: "We are unable to agree to this contention. The effect of such construction would be to render meaningless that portion of the section quoted which gives the administrator the right 'to prosecute the same without filing an appeal bond.' * * * If the legislature, by the language used, intended to say no more than that an administrator or executor should also enjoy this right, the section would be entirely useless. It is elementary in the construction of statutes that such construction is favored which gives to the entire enactment force and effect, if possible, and, adopting this rule, we are required to say that the language quoted was inserted for the purpose of taking administrators and executors, duly qualified and acting as such, who have given bond agreeably to law, out of the general rule requiring litigants to give bond in order to supersede judgments rendered against them from which they desire to appeal."

In the case at bar the administrator properly represented, not only himself and his own interest, but also the interests of Oliver C. Dovey and Horatio N. Dovey,

together with the other heirs of the estate of E. G. Dovey. It should be observed that the judgment ran against George E. Dovey as administrator, and that he appealed in that capacity, and not from a judgment or order against him personally. The interests thus represented by George E. Dovey gave him the right to appeal without bond. *In re Williams*, 97 Neb. 726; *Thompson v. Pope*, 77 Neb. 338; *Rhea v. Brown*, 4 Neb. (Unof.) 461. We are therefore of opinion that the district court erred in dismissing the appeal.

The judgment of the district court is reversed and the cause is remanded to that court, with directions to set aside the judgment of the county court, and remand the cause to that court, with directions to recall the execution to make a final accounting, settlement and order of distribution of the assets of the estate of E. G. Dovey, deceased, among those interested therein, and for such further proceedings as may be necessary in the premises, not in conflict with this opinion.

REVERSED.