IN RE ESTATE OF BEN F. VETTER.
WILLIAM A. STEWART, JR., EXECUTOR, APPELLANT, V. DELLA CRAIG VETTER, APPELLEE.
297 N. W. 554

FILED APRIL 9, 1941. No. 31132.

*Allen, Requartte & Wood, T. W. Carroll, Jr.,* and *William A. Stewart, Jr.,* for appellant.

*Frank M. Johnson, contra.*

Heard before SIMMONS, C. J., ROSE, PAINE, CARTER, MESSMORE and YEAGER, JJ.

PAINE, J.

This case comes before this court at this time on a motion of the attorney for Della Craig Vetter, in which he moved the court to dismiss the appeal of the executor of the estate of Ben F. Vetter, deceased, on the ground that the executor failed to furnish an appeal bond, under section 20-1914, Comp. St. 1929. The motion is resisted by the executor on the ground that he is not required to file an appeal bond, under section 30-808, Comp. St. 1929.

The transcript sets out the proceedings in the county court for Dawson county. From this county court transcript, it appears that an antenuptial agreement was made March 5, 1934, between Ben F. Vetter, of Lexington, and Della Craig, in which antenuptial agreement appears a paragraph saying that if at any time during the marriage relation differences arise, so that they cannot live together as husband and wife and have any peace of mind, and that a separation must necessarily take place, the parties agree to waive all right, claim, or interest in and to the property of the other, both real and personal, and agree to release the other upon demand from any obligation to support, and, in case of divorce, from all obligations to pay alimony.

On March 8, 1934, the parties were married. On November 10, 1938, Ben F. Vetter executed his last will and testament, in the second paragraph of which he gave his wife their home in Lexington, with all household goods therein, and gave to his attorney, William A. Stewart, Jr., $15,000 in trust for the use and benefit of his wife, Della Craig Vetter, the income thereof to be paid her during life, and at her death said $15,000 should be divided among his heirs, as set out in the residuary clause.

On June 12, 1939, the said will was admitted to probate, and on October 17, 1939, the widow filed an election, refusing to accept the provisions of the will, and electing to take the widow's allowance and homestead, and all other provisions to which she was entitled under the law, to which election William A. Stewart, Jr., the executor, objected and alleged that the antenuptial agreement was a valid and binding contract, and that her attempted election was void.

In her answer she alleged that the antenuptial agreement was void, because it was not fairly or honestly made; that he had neglected to disclose to her his property; that she went to the office of William A. Stewart, Jr., in Lexington, about 8 o'clock in the evening, and signed said paper without any knowledge of what it contained, or of

the amount and value of his property, and that the agreement was void because it is in furtherance and facilitation of divorce, and that it is unfair, inequitable and fraudulent.

On April 3, 1940, a hearing was had on said matter in the county court for Dawson county, and the court found that the antenuptial contract involved is invalid and should be set aside as void.

Upon appeal, the district court on June 24, 1940, entered a decree that the antenuptial contract entered into March 5, 1934, was void and of no force and effect, on the ground that it was unfair and unreasonable. The motion for a new trial being overruled, the executor filed notice of appeal, and on November 18, 1940, filed his transcript and bill of exceptions in this court.

On January 15, 1941, Frank M. Johnson, as attorney for the widow, Della Craig Vetter, filed a motion to dismiss the appeal on the ground that the executor has failed to furnish an appeal bond, as provided for in section 20-1914, Comp. St. 1929, and also as required by rule 8 (b) of this supreme court, and, further, that the executor in his representative capacity has no interest in the election of Della Craig Vetter to take under the statute rather than under the will, and therefore has no appealable interest from the order and decree of the district court, and is not entitled to prosecute the appeal in his representative capacity, at the expense of the estate, without an appeal bond, for the proposed appeal by the executor does not come within the statute which permits an executor or administrator to appeal in certain cases without the necessity of furnishing the statutory bond.

In the brief of the executor we are cited to section 30-808, Comp. St. 1929, which provides: "Every executor or administrator who may have given bond in this state, with surety as provided by law, shall be authorized in all cases of appeal from one court to another, by him made, to prosecute the same without filing an appeal bond, such appeal to be prosecuted in the district court as appeals are now taken from courts of justices of the peace;" and to *Kerr v.*

*Lowenstein,* 65 Neb. 43, 90 N. W. 931, and *In re Estate of O'Brien,* 80 Neb. 125, 113 N. W. 1001, in which it was held that no appeal bonds were required.

This was held in *In re Estate of Dovey,* 99 Neb. 744, 157 N. W. 915, to govern when a judgment was rendered against him in his representative capacity, but an *administrator as such* cannot appeal from final order unless affected in his representative capacity.

In the case of *In re Estate of Raymond,* 124 Neb. 125, 245 N. W. 442, we dismissed an appeal by an executor for the reason that the executor could not have been aggrieved or injuriously affected by the order in question, and hence had no such standing as authorized him to prosecute an appeal.

In the case of *Merrick v. Kennedy,* 46 Neb. 264, 64 N. W. 989, it was held that an executor may appeal from an adverse decision of the county court to correct an error or mistake in the settlement of his former account.

It was said in the case of *In re Langdon,* 102 Neb. 432, 167 N. W. 571, that the section referred to only means that executors are not required to give bond when they appeal in their representative capacity, but that when they appeal to protect individual interests they should give the same bond that is required of other litigants.

In the case of *In re Estate of Mathews,* 125 Neb. 737, 252 N. W. 210, Judge Eberly stated that, when an appeal is taken by an executor in furtherance of his individual interests from a final order entered in the county court, he must give bond like all other suitors.

The decree entered by the district court in the case at bar provided that the antenuptial contract between these parties was null and void; next, that the widow had the right to elect to take under the law rather than under the will.

In what way was the action of the county court, or the affirmance of the same by the district court, a final order made against the executor? In what manner is the executor affected, harmed or prejudiced by the ruling of the district

court? 2 C. J. 973, defines "aggrieved" as follows: "Having suffered loss or injury; damnified; injured. An aggrieved party or person is one who is injured in a legal sense, one who has suffered an injury to person or property."

As we view it, this final order is in the nature of an order of distribution, and will result in the devisees receiving a different amount, as the widow has elected to take her share under the law. It does not appear to the court that the executor should be permitted to prosecute an appeal which is practically for and on behalf of some of the heirs without giving the same bond as one of the heirs would have to give if they had appealed. The right of an executor to appeal in his representative capacity without giving any bond is properly raised by a motion to dismiss. Dame, Probate and Administration, sec. 655.

In the case of *In re Estate of Craig*, 101 Neb. 439, 163 N. W. 765, Judge Rose said that the administrator was not representing the estate, but was seeking to protect his own individual interests, and that the appeal from the county court to the district court was properly dismissed.

"In an appeal from a final order of the county court in probate proceedings by an administrator, in furtherance of his individual interests, he is required to execute and file a bond like other suitors," was stated by Judge Good to be the law in the case of *In re Estate of Runyon*, 111 Neb. 635, 197 N. W. 417. See, also, *Greb v. Hansen*, 123 Neb. 426, 243 N. W. 278.

It may be contended that the executor has a right of appeal because the will provides that he is a trustee of certain funds to be held for the benefit of the widow. But it is properly argued that the executor has no interest in the trust until after the widow's right to elect has been determined. That is a statutory right that cannot be denied her. If her election is held to be good, then all of the trust provisions of the will thereupon fail. The widow's right of election is paramount to any provisions that are made for her under the will. Even if the executor would receive some compensation from the administration of the trust, that is

not a sufficient reason to permit him to take an appeal in his representative capacity.

The real parties in interest are the brothers and sister of the deceased, and they have not appealed. The judgment of the district court affects them, and not the executor. If the executor, for any personal reasons, desired to appeal, he was required to furnish an appeal bond, the same as any other interested party would be required to do.

Therefore, we sustain the motion, and dismiss the appeal of the executor.

APPEAL DISMISSED.