IN RE ESTATE OF BEN F. VETTER.
DELLA CRAIG VETTER, APPELLANT, V. W. A. STEWART, JR.,
EXECUTOR, ET AL., APPELLEES.
5 N. W. (2d) 215

FILED AUGUST 7, 1942. No. 31407.

*Frank M. Johnson,* for appellant.
*Allen, Requartte & Wood, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CARTER, MESSMORE and YEAGER, JJ.

YEAGER, J.

This is an appeal growing out of the probate of the estate of Ben F. Vetter, deceased, in the county court of Dawson county, Nebraska, who died testate on May 9, 1939, leaving as heirs his widow and his brothers and sister, there being no children by this or a former marriage. William A. Stewart, Jr., is executor of the will.

After examination of the record we find that this case presents the single question of whether or not a judgment of the county court of Dawson county, Nebraska, appealed to the district court for that county where such judgment became final, holding that Della Craig Vetter, widow of Ben F. Vetter, deceased, is entitled to repudiate an antenuptial agreement and elect to take under the statute, is *res adjudicata* as to objections by heirs of the deceased, the judgment having been based upon objection to the election by the executor of the will of Ben F. Vetter.

The entire matter was presented in a confusingly complicated manner in the county court, in the district court and again in this court.

The will, which gave the widow the income from a trust fund of $15,000 and the use of the home for life, was duly admitted to probate, whereupon the widow elected to take under the statute. Objections to the election were regularly filed by the executor, which objections were overruled by the county court. Appeal was taken by the executor to the district court where the action of the couny court was sustained. Appeal was then taken to this court by the executor, which appeal was dismissed for the reason that the executor had failed to give the bond required by statute. *In re Estate of Vetter*, 139 Neb. 307, 297 N. W. 554. Following receipt of mandate from this court, an order was entered by the district court declaring the finality of the previous judgment on the objections of the executor to the election by the widow, which order was transmitted to the county court of Dawson county.

Thereafter the widow filed in the county court a petition for an accounting and distribution of the assets of the estate, an unusual proceeding nowhere described or contemplated by statute.

Following the filing of the petition for accounting and distribution, Frank Vetter and Fred Vetter, brothers of the deceased, filed objections in their own behalf as heirs to the widow's election.

Hearing was had on the petition and these objections. No order was made on the petition for accounting and distribution, but the county court decreed that the judgment on the objection of the executor to the election of the widow was *res adjudicata* as to the heirs of the deceased, and overruled the objections. From this finding and decree of the county court appeal was taken to the district court by these objectors.

On hearing in the district court the decree of the county court was reversed, and it was there held that the judgment on the objections of the executor to the widow's election was not *res adjudicata* as to the objecting heirs, and that they had the right to set up and have determined their objections and directed a hearing thereon in the county court.

It is this order that presents the basis for the appeal now before us, which appeal was taken by Della Craig Vetter, the widow.

There is also presented a motion by the objectors or appellees for dismissal of the appeal on the ground that the order of the district court appealed from is not a final order.

On the question presented by the motion, it must be held that the order being considered has the finality required by law to make it the basis of an appeal. The order which is the basis of the appeal is not the order of the district court, but the order of the county court overruling and dismissing the objections of Frank Vetter to the election of the widow to repudiate the antenuptial agreement and to take under the statute. The action in the district court was a review of a final order in the county court. Within the meaning of the decisions of this court we hold that this was a final order.

*Parmele v. Schroeder,* 59 Neb. 553, 81 N. W. 506; *Parmele v. Schroeder,* 61 Neb. 553, 85 N. W. 562.

Coming now to the question of whether or not the judgment on the objections of the executor to the election by the widow is *res adjudicata* as to the objectors now before the court, the opinion in *In re Estate of Vetter, supra,* contains a conclusive answer. There it was stated:

"The real parties in interest are the brothers and sister of the deceased, and they have not appealed. The judgment of the district court affects them, and not the executor."

It is the law that a judgment on the facts in a former suit is a bar to a second action involving the same facts between the same parties and those in privity with them. *Wilch v. Phelps,* 16 Neb. 515, 20 N. W. 840; *Morgan v. Mitchell,* 52 Neb. 667, 72 N. W. 1055; *Wittenberg v. Mollyneaux,* 60 Neb. 583, 83 N. W. 842; *State v. Savage,* 64 Neb. 684, 702, 90 N. W. 898, 91 N. W. 557; *Battle Creek Valley Bank v. Collins,* 3 Neb. (Unof.) 38, 90 N. W. 921; *Schlemme v. Omaha Gas Mfg. Co.,* 4 Neb. (Unof.) 817, 96 N. W. 644; *Shepard v. City of Friend,* 141 Neb. 866, 5 N. W. (2d) 108.

There is nothing, however, in the rule or in any of the decisions holding, or from which it may be inferred, that a party not in interest is in privity with parties in interest, or that a judgment appearing to affect a party not in interest has binding force and effect upon parties in interest.

An examination of the record discloses that the first objections by parties in interest to the election of the widow to repudiate the antenuptial contract and to take under the statute were by the objectors here.

Clearly the objectors here have the right to have their objections to distribution on the basis of the widow's election heard and determined in a proceeding in the county court of Dawson county, Nebraska, and they are not barred by the judgment on the action prosecuted by the executor.

The judgment of the district court is affirmed.

AFFIRMED.