IN RE PETITION OF THE SCHOOL DISTRICT OF OMAHA, IN THE COUNTY OF DOUGLAS, IN THE STATE OF NEBRASKA, TO CONDEMN PROPERTY FOR SCHOOL PURPOSES. AUGUST ROSSCHEART ET AL., APPELLANTS, v. SCHOOL DISTRICT OF OMAHA, IN THE COUNTY OF DOUGLAS, IN THE STATE OF NEBRASKA, APPELLEE.

37 N. W. 2d 209

Filed May 3, 1949. No. 32552.

*Gross & Welch,* and *Arthur W. Scribner,* for appellants.

*King & Haggart,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an appeal from an order of the district court dismissing on jurisdictional grounds an appeal from the county court in an eminent domain action. We affirm the judgment of the district court.

The proceedings were conducted under the provisions of Chapter 79, article 17, R. S. 1943.

The appeal is by the owners of the real estate involved. The question presented is whether or not the appellants complied with the provisions of section 79-1709, R. S. 1943, so as to vest the district court with jurisdiction of the cause.

The transcript shows the following proceedings in the county court. The report of the appraisers was filed December 17, 1947. On January 16, 1948, appellants filed an appeal undertaking in the sum of $200, which contained a notice of appeal. On January 17, 1948, the appellants paid for a transcript. On January 19, 1948, the transcript was made.

The transcript shows the following proceedings in the district court. On January 21, 1948, the transcript of the proceedings was filed in the district court and on the same day a petition on appeal was filed. On February 2, 1948, the school district filed objection to the jurisdiction of the court for the reasons that the appeal was not prosecuted within 30 days from the filing of the

award of damages, and that the appeal bond was not filed within 10 days from the filing of the award, and moved to dismiss the appeal. On July 19, 1948, the motion to dismiss was sustained and the appeal dismissed.

Appellants assign as error the order of the trial court dismissing the appeal.

Section 79-1709, R. S. 1943, so far as applicable here, provides: "Any person who may have any interest in land taken under the provisions of sections 79-1701 to 79-1710, may prosecute an appeal to the district court within thirty days from the filing of the award of damages, and either party may appeal from the district court to the Supreme Court, in the same manner as appeals are prosecuted in the civil actions, * * *."

Appellants contend that the words "in the same manner as appeals are prosecuted in the civil actions" refer only to appeals from the district court to this court and that accordingly the statute contains no requirement for the filing of a transcript in the district court.

Appellants rely upon the rule that "One canon of construction, known as the doctrine of the 'last antecedent clause,' is that relative and qualifying words or phrases are to be applied to the words or phrases immediately preceding, and as not extending to or including other words, phrases or clauses more remote, unless such extension or inclusion is clearly required by the intent and meaning of the context, or disclosed by an examination of the entire act." Nebraska State Railway Commission v. Alfalfa Butter Co., 104 Neb. 797, 178 N. W. 766. See, also, 59 C. J., Statutes, § 583, p. 985; 50 Am. Jur., Statutes, § 269, p. 258.

Appellants would have us hold that the Legislature provided the procedure for appeal to this court from the district court, but made no provision for the procedure on appeal from the county court to the district court, except that the appeal must be prosecuted "within thirty days from the filing of the award of damages"

and that the courts are left to supply the procedure and determine what constitutes the prosecution of an appeal within 30 days.

The procedure for the taking is specified in the statute beginning with a requirement that the school board pass a resolution of the necessity of acquiring the property, the filing of a petition, the service of notice of the time and place of a hearing, the appointment of appraisers, the taking by them of an oath, and a report of their findings. It provides the procedure to be followed by the school district if the assessment is satisfactory to it, and likewise the procedure if not satisfactory. It provides for an appeal by the landowner. It fixes who shall pay the costs both in the county court and on appeal. It provides the amount and character of the lands that may be taken and for the advancement of the cause for trial in the district court and on appeal in this court. An examination of the entire act negatives any legislative intent to leave a void in this one step of the eminent domain procedure.

In Kerr v. Lowenstein, 65 Neb. 43, 90 N. W. 931, we had for construction a statute which provided: " 'Every executor or administrator who may have given bond in this state, with surety agreeably to law, shall be authorized, in all cases of appeal from one court to another by him made, to prosecute the same without filing an appeal bond, such appeal to be prosecuted to the district court as appeals are now taken from courts of justices of the peace.' " It was urged that the last clause beginning with "such appeal to be prosecuted" was restrictive and limited the right of the administrator or executor to appeal without giving an appeal bond only to appeals from the county court to the district court. We said: "It may be admitted that, as a general rule of grammatical construction, relative words must ordinarily find their antecedents in the next preceding word or words to which they may refer; but this rule is subject to the exception that, if such construction would

involve an absurdity, do violence to the plain intent of the language, or if the context for other reason requires a deviation from the rule, it will be necessary and proper to look for another antecedent." We denied the contention there made. The analogies in the situation there and here presented may be observed from the opinion.

We think it clear and hold that the language "in the same manner as appeals are prosecuted in the civil actions" in section 79-1709, R. S. 1943, applies alike to appeals from the county court to the district court and from the district court to this court. As we said in Kerr v. Lowenstein, *supra,* the statute directs the person, interested in the land taken, who desires to appeal "to look to the statute governing appeals" in civil actions and to "follow the procedure therein indicated."

The question then comes, what are the requirements of the provision?

Section 24-544, R. S. 1943, provides that in civil actions either party may appeal from the judgment of the county court, in the manner as provided by law in cases tried and determined by justices of the peace.

Section 27-1302, R. S. 1943, provides that on appeal from the final judgment of a justice of the peace to the district court "The party appealing shall, within ten days from the rendition of the judgment, enter into an undertaking to the adverse party, * * *." We have held that "The statute is mandatory. The giving of the appeal bond is essential to confer jurisdiction of the cause upon the appellate court." Drier v. Knowles Vans, Inc., 144 Neb. 619, 14 N. W. 2d 222. The appeal bond was not filed here within the time limited by the statute.

Section 27-1303, R. S. 1943, provides for the justice of the peace to make a transcript and deliver it to the appellant who in turn is required to deliver it to the clerk of the court to which the appeal is taken "within thirty days next following the rendition of such judgment." Thirty days from December 17, 1947, is the last day which the law gave appellants to file their transcript in

the district court. Beard v. Ringer, 41 Neb. 831, 60 N. W. 95. The statute requires the appeal to be taken within 30 days next following the rendition of the judgment and when the transcript is not filed within the 30-day period the appeal is subject to dismissal on motion. Price v. Fouke, 90 Neb. 736, 134 N. W. 525. To so hold gives definite meaning to the "within thirty days" provision of section 79-1709, R. S. 1943.

The trial court properly dismissed the appeal. Its judgment is affirmed.

AFFIRMED.

YEAGER, J., participating on briefs.