WILLIAM J. M. KENNEDY, APPELLEE, V. H. J. MERRICK,
EXECUTOR, APPELLANT.

FILED NOVEMBER 7, 1895. No. 6218.

**Executors and Administrators:** CONSTRUCTION OF WILL.
The court will not construe the clause of a will devising certain
real estate, in a suit brought for that purpose by an heir and
devisee of the testatrix against the executor, as such, where it
appears the latter has no interest whatever in the adjudication
of the matter by the court, and that a judicial interpretation of
the will could be of no aid or assistance to the executor in ad-
ministering the estate.

APPEAL from the district court of Johnson county.
Heard below before BUSH, J.

*S. P. Davidson,* for appellant.

*J. Hall Hitchcock* and *T. Appelget, contra.*

NORVAL, C. J.

This suit was brought in the court below to obtain a judicial construction of a clause in the last will and testament of Harriet L. Kennedy, who died in Johnson county on or about the 21st day of June, 1891.   The defendant, H. J. Merrick, was appointed executor of the will, which was duly probated, and as executor he is sued.   The clause of the will which the court is asked to interpret reads as follows : "I give, devise, and bequeath to my beloved son, William J. M. Kennedy, and his children forever, as an annuity, the use and annual income of the following estate, to-wit: The southeast quarter of section fifteen (15), in township six (6), of range eight (8) east, in Gage county, state of Nebraska, together with the buildings and appurtenances thereof."   The plaintiff is William J. M. Kennedy, the sole heir and one of the devisees and legatees of the testatrix, his deceased mother.

The contention of the plaintiff was, and is, that, under the will, he took a fee-simple title to the land above described, while the defendant insists that the clause above quoted, when taken in connection with the other provisions of the will, should be construed as granting and bequeathing unto the plaintiff and his children the use and annual income of the premises therein mentioned, and not as devising unto him or them the title in fee-simple to said tract. Upon the hearing, the district court entered its finding and decree as follows:

"Now, on this 9th day of December, 1892, this cause came on further to be heard, and the court, having been fully advised in the premises on a former day of this term, does find that Harriet L. Kennedy, deceased, on September

17, 1889, made her last will and testament, and that it was the intention of said testator to give her son, William J. M. Kennedy, and his children forever, as shown by said will, the use and annual income of the property mentioned in the petition, to-wit, the southeast quarter of section fifteen (15), township six (6), range eight (8), in Gage county, Nebraska.

" The court further finds that the intention of said testator as to the use and annual income of the property mentioned in said will is inconsistent with the established rules of law, and therefore void, and the court further finds that under said will that the legatees, William J. M. Kennedy and his children, are possessed in fee-simple of said described real estate.

"It is therefore adjudged and decreed that said William J. M. Kennedy and his children, under said will, take the real estate described, to-wit, the southeast quarter ($\frac{1}{4}$) of section fifteen (15), township six (6), range eight (8), in Gage county, Nebraska, not as an annuity only, but absolute, and that plaintiff pay the costs of this proceeding, to which defendant excepts and prays an appeal, and is allowed forty days to present bill of exceptions."

From this decree the executor has prosecuted an appeal.

There is considerable discussion in the briefs of counsel for the respective parties upon the propositions whether the plaintiff has the right to bring the action and whether the construction placed upon the will by the trial court is sound or not. In the view we take of the case it does not become material to determine either of these questions, and we shall not do so. We are prompted to this course by the fact that some of the parties interested in the estate, and who are made devisees by the will, namely, the children of the plaintiff, are not before the court.

It appears from the averments of the petition that the time for filing claims against the estate has expired, and that the executor has in his hands, derived from the dispo-

sition of personal property of the deceased, and from the sale of her real estate, other than above described, moneys abundantly sufficient to pay all legal claims and debts against the estate, together with the costs of administration. The record likewise discloses that the defendant is neither an heir, legatee, nor devisee of the testatrix, and that all the rents received by the executor from the premises in dispute have been paid over to the plaintiff. By the will, the executor is not made a trustee, and the will contains no provision making it his duty to hold, control, or manage the real estate or any legacy bestowed for the benefit of the devisees or legatees named therein. He has possession of the real estate, but this he is entitled to alone during the settlement of the estate. It is obvious, under the facts as they appear of record, that the plaintiff has made no case, as against the executor, for obtaining the adjudication of the court as to the meaning and legal effect of the will. As was well said by Welch, C. J., in his opinion in *Corry v. Fleming*, 29 O. St., 149: "It is only in cases where a trust is involved, or where the duty of an executor, administrator, or other trustee is of uncertain nature, requiring the guidance or direction of the court, that the court can be called upon merely to give its opinions to the true construction of a will." It is plain that the executor is in no manner interested in ascertaining whether the plaintiff alone, or he and his children together, took the lands mentioned in the decree in fee-simple, or a life estate merely. The opinion of the court as to the effect of the will upon these lands would be of no assistance to the executor in the further discharge of his duties, nor will the failure to construe the will in the slightest degree embarrass him in administering the estate. Moreover, a mere opinion of the court herein upon the construction of the will, if obtained, could be of no value to the plaintiff, inasmuch as none of the parties interested, except himself, are before the court. Counsel for appellee must have taken the same view when

they filed in this court their motion to dismiss upon the
ground "that the appellant had no interest in the result of
the suit as brought in the district court, and therefore not
entitled to an appeal." If appellant has no such interest
as would authorize him to have the decision of the lower
court reviewed, it requires no argument to establish that
the action was improperly brought against him in the first
instance. The decision of the district court is reversed and
the action dismissed.

REVERSED AND DISMISSED.