H. J. MERRICK v. WILLIAM J. M. KENNEDY.

FILED NOVEMBER 7, 1895. No. 6367.

1. **Statutes:** CONSTRUCTION. Special provisions of a statute in regard to a particular subject control general provisions.

2. **Administration of Estates:** DISTRIBUTION: APPEAL. Under section 304, chapter 23, Compiled Statutes, the right to appeal from a final order of distribution made by a county court in the settlement of an estate of a deceased person is limited to "any person aggrieved." In order to enable a party to appeal in such case he must have been injuriously affected by the order or decree.

3. **Executors and Administrators:** DISTRIBUTION: APPEAL. The executor of an estate, as such, cannot prosecute an appeal from a final order of distribution made by the county court, where he is not pecuniarily affected by such order.

4. **County Courts:** SETTLEMENT OF ESTATES: REVIEW. A county court has power to so far open up the settlement of a former account of an executor as to correct any error or mistake therein, except as to items in dispute which have been previously heard and determined by the court.

5. ———: ———: ———. An executor may appeal from an adverse decision of the county court upon his petition to correct an error or mistake in the settlement of his former account.

6. ———: ———: WILLS. The county court may order the distribution of the personal estate remaining in the hands of an executor after the payment of all debts and charges of administration, though an action brought against him by an heir and devisee is pending in the district court for a construction of a clause in the will relating alone to the disposition of certain real estate, where it appears that the opinion and decision of the court as to the meaning and legal·effect of said provision, when obtained, would not assist the executor in the discharge of the duties of his trust.

ERROR from the district court of Johnson county. Tried below before BUSH, J.

*S. P. Davidson*, for plaintiff in error.

*T. Appelget* and *J. Hall Hitchcock, contra.*

NORVAL, C. J.

Plaintiff in error, H. J. Merrick, was appointed executor of the last will and testament of Harriet L. Kennedy, deceased, by the county court of Johnson county, and duly qualified as such executor, and took upon himself the execution of the duties of his trust. Subsequently, and on the 28th day of June, 1892, a citation was issued by the county court commanding said H. J. Merrick to render an account of his doings as such executor, or show cause by a date named why he has failed so to do. On June 30, 1892, pursuant to said citation, plaintiff in error appeared before the county court and submitted, under oath, an itemized report of his receipts and disbursements as executor, the summary being as follows:

"Total amount received............................ $4,764 70
Total amount paid out............................  3,453 61

Balance due.........................,................ $1,311 09"

On the same day the report was filed an order was made by the county court approving in all respects the said report of said executor as his final account; and on the same

day the following order of distribution was entered by the county court, viz.:

"Now, on this 30th day of June, 1894, this cause came on for hearing upon the final report of H. J. Merrick, executor, and the evidence was submitted to the court. On consideration whereof the court finds that all debts, claims, and demands against said estate have been fully paid and satisfied, and that there remains as a residue in the hands of said executor the sum of $1,311.09, and that William J. M. Kennedy is the only person entitled to said residue. It is therefore considered that said residue and all the property belonging to said estate, reserving the sum of $25, to pay the claim of $3.85 of N. Muggy, who cannot be found by the executor, and to pay the cost of these proceedings, taxed at $21.15, be paid and allowed to said William J. M. Kennedy.          GEORGE B. FOSTER,

"*County Judge.*"

Afterwards, on the 18th day of July, plaintiff in error filed a supplementary and additional report, showing that he had paid out since the last report the sum of $6.25 as expenses, and that by mistake he had stated in his report of June 30, 1892, that he had received $2,596.80 from the sale of the Lancaster farm, when, in fact, he had only received in cash $1,596.80 and a mortgage from the purchaser for $1,000, due on or before February 5, 1894, bearing seven per cent interest, and that there remained in the hands of plaintiff in error, as executor, the sum of $311.09, less the said sum of $6.25. The supplemental report further sets forth that a suit is pending against him in the district court of Johnson county, brought by William J. M. Kennedy, seeking a construction of the last will and testament of Harriet L. Kennedy, deceased, as to whether by said will she devised to said William J. M. Kennedy certain real estate belonging to said estate and now remaining unsold, absolutely in fee-simple, or only the life estate therein; that the expenses and attorneys' fees incident to

contesting said suit will, in all probability, exceed the amount of money in the executor's hands. He asks that the original report be corrected as above indicated, that the order of distribution be vacated, and that no order of distribution be entered until the termination of the suit pending in the district court. On July 21, 1892, the county court refused to correct the original report or to disturb the order of distribution theretofore made on said June 30. From which refusals, as well as from said order of distribution, the executor appealed to the district court, where, subsequently, on motion of said William J. M. Kennedy, the appeal was dismissed.

The first question to which we shall give attention is whether the executor was entitled to appeal from the order of distribution. By section 42, chapter 20, Compiled Statutes, it is provided: "In all matters of probate jurisdiction, appeals shall be allowed from any final order, judgment, or decree of the county court to the district court by any person against whom any such order, judgment, or decree may be made or who may be affected thereby." The foregoing section restricts the taking of appeals to two classes of persons, viz., those against whom a final order, judgment, or decree is entered, and also to persons affected thereby. It is probable if the section applies to orders and decisions of the county court of the character under consideration, and the language employed by the legislature is to be taken in its literal sense, it would sustain the taking of the appeal in this case; but it is believed that the section quoted is not applicable here. On the contrary, that section 304 of chapter 23 of the Compiled Statutes governs and controls. That section declares: "Any person aggrieved by an order, decree, or denial of a court in pursuance of the provisions of this subdivision may appeal therefrom as provided for in other cases." The foregoing provision is found in the subdivision of said chapter 23, entitled "Partition and Distribution of Estates." It is by

the sections comprising this subdivision of the chapter that authority is conferred upon county courts to assign or order the distribution of the residue of the estate of deceased persons in the hands of administrators and executors among the heirs, devisees, or legatees; and following the several sections relating to the assignment and distribution of estates we find section 304, already quoted, which is a special provision authorizing appeals from orders or decrees partitioning and distributing estates, by any person aggrieved by such order or decree, and no right to appeal in such matters is given to anybody else. That being a special provision on the subject, it must be held applicable, rather than said section 42. (*McCann v. McLennan*, 2 Neb., 286; *People v. Gosper*, 3 Neb., 310; *Albertson v. State*, 9 Neb., 429; *Richardson County v. Miles*, 14 Neb., 311; *Richards v. Clay County*, 40 Neb., 51.)

The next question which arises, is the executor herein, H. J. Merrick, within the meaning of said section 304, a party aggrieved, and thus had the right to appeal from the order of distribution made by the county court? The determination of this must depend upon whether the executor was in any manner injuriously affected by the order or decision from which an appeal was attempted. It appears from the final report of the executor, upon which the order distributing the estate was based, that the balance remaining in his hands, after the payment of the debts and expenses of administration, was $1,311.09. It was the above amount, the residue of the estate reported by the executor to be in his hands, less $25 reserved to pay the claim of one Muggy, for $3.85, whose whereabouts is unknown, and certain costs which were ordered paid to William J. M. Kennedy, the sole person entitled thereto. Had the executor obeyed the order and paid the money, most certainly he would have been protected by the direction of the county court, even though the money had been ordered paid to a person who by law was not entitled to the same, which is

not claimed to be the case here.   This being true, the ex-
ecutor could not have been aggrieved or injuriously affected
by the order in question, and, hence, has no such standing
in the case as to authorize him to prosecute an appeal.   If
by an order of distribution an administrator or executor
should be directed to pay out more money than he has be-
longing to the estate, such administrator or executor would
be injured thereby, since sections 313 and 314 of said chap-
ter 23 authorize the bringing of a suit on the bond of an
executor or administrator by any heir, legatee, or other per-
son to recover his share of the estate after an order of dis-
tribution declaring the amount due him, if the same is not
paid when demanded.   Leaving out of view for the pres-
ent the supplemental report of the executor, we are con-
vinced that the executor was not entitled to appeal from
the order of distribution.   The following authorities sus-
tain this conclusion: *Kellett v. Rathbun*, 4 Paige Ch. [N.
Y.], 102; *Hyatt v. Dusenbury*, 106 N. Y., 663; *Bryant
v. Thompson*, 128 N. Y., 426; *Bates v. Ryberg*, 40 Cal.,
463; *Estate of Wright*, 49 Cal., 550; *Still's Estate*, 15 O.
St., 484.

It appears from the supplemental report filed by the
executor that in rendering his final account of the estate
he erroneously charged himself therein with having re-
ceived $2,596.80 from the sale of a certain farm, whereas
but $1,596.80 was paid in cash by the purchaser, and a
mortgage was given for $1,000, which remains unpaid, and
further, that the executor had necessarily expended since
his final report $6.25 in discharging the duties of his trust.
He asked to have his account corrected accordingly, which
the county court declined to do, although the following
paper has been filed in the case:

" IN THE MATTER OF THE SETTLE- ⎫
    MENT OF THE ESTATE OF HAR- ⎬
    RIET L. KENNEDY, DECEASED. ⎭
    " Now comes William J. M. Kennedy, one of the heirs

and residuary legatees of said estate, and hereby consents and agrees that H. J. Merrick, executor of said estate, shall retain from the funds now in his hands belonging to said estate the sum of $6.25, being the sum claimed by him in his supplemental report filed July 18, 1892, and said William J. M. Kennedy hereby agrees to accept and receipt for the note mentioned in said supplemental report for $1,000, as if he had received said amount in cash from said executor.

"Dated this 19th day of July, 1892.

"WILLIAM J. M. KENNEDY,
"By T. APPELGET &
"J. HALL HITCHCOCK,
"*His Attorneys Herein.*"

Practically this was an admission of the error claimed to have been made in the original report and account, and that the executor was entitled to an additional credit of $6.25 for moneys disbursed since June 30, 1892. It is not contended, nor could it be successfully maintained, that the court could not open up the settlement of a former account of an executor to correct errors and mistakes therein. We think the county court has such power, where the matter has not already been previously litigated. It is not suggested that there has ever been a previous hearing and determination of the county court upon the matter of the mistake in the executor's account or of his being entitled to a credit for the $6.25, but it is insisted that the filing of the above agreement of William J. M. Kennedy obviated the necessity of the court opening up the settlement of the executor's account of date of June 30. To this proposition we cannot agree. If a mistake had been made it should have been adjudicated by the county court and the order of distribution modified accordingly. As the order now stands, conceding that only $1,596.80 was received in money on the sale of the farm, the executor is required to pay to the distributee over $1,000 more money than re-

Merrick v. Kennedy.

mains in his hands belonging to the estate. As we have seen, suit may be brought on the executor's bond by Kennedy to recover the full amount found by the county court to be due him. The executor was, within the meaning of the statute, "aggrieved" or pecuniarily affected by the order of July 21, and therefore he has the right to appeal therefrom.

Plaintiff in error insists the order of distribution should have been vacated because the supplemental report disclosed that a suit was pending against him in the district court seeking the construction of the will. It fully appears, and we have so held in the case of *Kennedy v. Merrick*, 46 Neb., 260, that the executor is not interested in procuring the opinion and decision of the court as to the meaning, and the legal effect, of the will in this case, and that a proper construction thereof would be of no assistance to the executor in the settlement of the estate. That provision of the will upon which a construction is desired relates to a bequest of real estate, and the opinion of the court thereon, if obtained, could not in the least affect the distribution of the personalty of the testatrix in his hands, in accordance with other provisions of the will. Distribution should not be delayed on account of the pending of the suit above mentioned. (*In re Scheidler's Estate*, 27 N. Y. Sup., 7.) For the reason stated, the judgment of the district court dismissing the appeal is reversed and the cause is remanded to that court for further proceedings in consonance with this opinion.

REVERSED AND REMANDED.