IN RE ESTATE OF JOHN A. CREIGHTON.

JOHN A. McSHANE ET AL., EXECUTORS, APPELLEES, V. ELLEN E. CANNON ET AL., APPELLEES; WILLIAM T. THOMPSON, 'ATTORNEY GENERAL, ET AL., INTERVENERS, APPELLANTS.

FILED DECEMBER 10, 1910.     No. 16,775.

1. **Appeal:** TRANSCRIPT: SIGNATURE. If a third person, in the presence and by the request of a county judge, signs that official's name to a certificate, the name thus signed is the signature of said judge.

2. ———: MOTION TO DISMISS: SIGNATURE TO TRANSCRIPT: PRESUMPTIONS. If a motion to dismiss an appeal from a county court for the alleged reason that the county judge's signature to the certificate attached to the transcript is not genuine is overruled by the district court, this court will presume, in the absence of evidence to the contrary, that the judge signed said certificate or authorized his name to be attached thereto.

3. **Wills:** APPEAL: CERTIFICATE TO TRANSCRIPT: WAIVER OF DEFECTS. Although a duly certified transcript of the record and proceedings relative to the matter appealed from is essential to clothe the district court with authority to review an order of a county court distributing the property of a deceased person, yet, if the appellees appear in the district court and move it to enter interlocutory orders, they should not thereafter be heard to question the sufficiency of the certificate to the transcript.

4. ———: ———: JURISDICTION. In such a case, if the transcript contains a copy of the order appealed from and the pleadings of the parties with respect to the subject matter litigated, the mere fact that some order or material stipulation does not appear in the transcript will not prevent the district court from acquiring jurisdiction of the controversy by the filing of the transcript.

5. ———: ———: RIGHT OF APPEAL. If a testator bequeaths a sum of money to his executors to be held in trust by them for a lawful purpose, and the county court declares that bequest invalid and directs the money thus bequeathed to be paid to the testator's heirs, the executors have such an interest in the order that they may appeal therefrom.

APPEAL from the district court for Douglas county: LEE S. ESTELLE, WILLIAM A. REDICK and ALEXANDER C. TROUP, JUDGES. *Motion to dismiss appeal overruled.*

*Smyth, Smith & Schall,* for appellants.

*E. Wakeley, George W. Doane, Charles B. Keller, W. H. De France, Arthur C. Wakeley* and *W. D. McHugh,* contra.

ROOT, J.

The appellees have submitted printed briefs and oral argument in support of their motion to dismiss this case. It appears that the testator in the tenth paragraph of his will bequeathed $50,000 to his executors, to be held by them in trust for the purpose of establishing and maintaining a home for "poor working girls" in the city of Omaha. In the thirteenth paragraph of his will the testator bequeathed the residue of his estate "to the legatees and beneficiaries hereinbefore mentioned, each of them to take and have the portion of such remainder as the bequest herein made to him or her bears to the whole of my estate." The testator's heirs, in a petition filed in the county court, attacked the aforesaid bequests and asked the court to distribute the money thus bequeathed as though the testator had died intestate. February 17, 1908, the court sustained the plaintiffs' contention, and the executors, in that capacity and as trustees, duly excepted to the judgment. March 12, 1908, a document purporting to be a transcript of said order and of certain of the pleadings in the county court was filed in the office of the clerk of the district court. The transcript is certified by "Charles Leslie, County Judge. By Clyde C. Sundblad, Clerk of the County Court," and is authenticated by the seal of the county court. March 31, 1908, the appellees filed a motion in the district court suggesting that the transcript was incomplete because it did not contain a copy of a stipulation and an order made by the county court with reference thereto, and moved the court to require the appellants to forthwith supply a certified copy of that document and said order. Subsequently the

appellees moved the court to dismiss the appeal because the transcript was not certified as by law required. In an amended motion the appellees assert that chapter 34, laws 1897 (Comp. St. 1897, ch. 28, sec. 9c *et seq.*) contravenes section 19, art. VI of the constitution, and is therefore void; that because of the invalidity of said act the clerk of the county court had no authority to sign the judge's name to said certificate and the case should be dismissed. May 10, 1909, the appellants were given permission to withdraw the transcript for recertification and thereafter to refile the document, which was done. Thereupon the appellees moved the district court to strike the transcript from the files, to strike the county judge's certificate from the transcript, to dismiss the appeal, and, subject to an order overruling that motion, to affirm the judgment of the county court. All of the motions were predicated upon the alleged defect in the certificate first attached to the transcript. Permission was given the appellees to withdraw their motion suggesting a diminution of the record, and their other motions were overruled. Subsequently the district court ordered the litigants to file pleadings. The appellees filed a petition wherein they allege: "They and each of them protest that this court is without jurisdiction of the subject matter of this appeal, and reserving all manner of objection to the jurisdiction of this court over the subject matter herein involved, for the reasons set forth in their amended motion to dismiss the appeal herein for lack of jurisdiction, filed herein February 24, 1909, and for the reasons set forth in their motion to strike the transcript and the certificate of the county judge of Douglas county, Nebraska, dated May 10, 1909, and filed in this court on that date."

The allegations in the various motions are not directly or by reference incorporated into the petition, and we find nothing therein to raise an issue that the transcript was not duly certified. If we consider the allegations quoted above as sufficient to present the alleged error of the court in overruling the motions to dismiss the appeal, we

must review those orders in the light of all the presumptions attending an order made by a district court within its jurisdiction.

In *Zimmerman v. Trude,* 80 Neb. 503, we held that chapter 34, laws 1897, *supra,* was not obnoxious to the provisions of section 11, art. III of the constitution, but the argument presented in the instant case has not heretofore been urged against the validity of said act. It is not necessary to pass upon the constitutionality of the act, but for the sake of argument we shall treat it as void.

It is apparent, however, that, while the law may not have clothed Sundblad with authority to sign the county judge's name, the clerk may have signed that name in the presence and by the express direction of that official, and, in that event, the signature would be the lawful signature of the county judge. *Reed v. City of Cedar Rapids,* 138 Ia. 366; 36 Cyc. 451. The appellants upon the hearing to dismiss the appeal may have proved that authority. No bill of exceptions is presented containing the evidence considered by the district court in passing upon these motions. To say the court decided the motions solely upon the questions of law presented by the argument that the statute, *supra,* is unconstitutional is to resolve the presumptions against the judgment of the district court, and that we should not do.

Furthermore, the appellees, by appearing in the district court and requesting an order in the case directing the appellants to procure and file certified copies of documents and orders alleged to be necessary to properly advise that court concerning the contention between the litigants, treated the appeal as properly lodged in that court, and are bound thereby. *Coleman v. Spearman, Snodgrass & Co.,* 68 Neb. 28.

The appellees cite and rely upon *Fromholz v. McGahey,* 85 Neb. 205, but in that case a transcript of the district court filed in this court was not authenticated by the seal of the court or the signature of the clerk, and the litigant moving to dismiss had not taken advantage of the simu-

lated appeal by asking for an order against the appellant. Moreover in appeals to this court the appellant is solely responsible for the proceedings essential to vest this court with jurisdiction, while the county judge, after an appeal has been "taken" in probate proceedings, is charged by law with the duty of perfecting that appeal. The legislature has not designated the particular act to be performed by a litigant to inform the county court that the appeal has been taken, but we are of opinion that the order given by the executors for a transcript for an appeal should be held sufficient to charge the county judge with notice that the appeal had been taken.

The appellees also argue that since the transcript first filed in the district court did not contain all of the documents considered by the county court in coming to its final conclusion, nor certain other orders, the district court did not acquire jurisdiction of the subject matter in dispute. Section 46, ch. 20, Comp. St. 1909, provides: "When such appeal is taken, the county court shall, on payment of his fees therefor, transmit to the clerk of the district court, within ten days after perfecting such appeal, a certified transcript of the record and proceedings relative to the matter appealed from."

The transcript was prepared according to orders given by counsel for the executors, and contained a copy of the. pleadings filed with respect to the distribution of the estate in controversy and the order made thereon, wherein the bequests, *supra,* were declared invalid. In our opinion the transcript was sufficient to vest the district court with jurisdiction, and the appellees had their remedy by suggesting a diminution of the record. *Moss v. Robertson,* 56 Neb. 774.

The appellees further argue that the executors have no such an interest in the subject matter of the order as to authorize them to appeal therefrom, and cite *Merrick v. Kennedy,* 46 Neb. 264. In that case we did say: "The executor of an estate, as such, cannot prosecute an appeal from a final order of distribution made by the county

court, where he is not pecuniarily affected by such order."
But in the opinion filed in a proceeding prosecuted in the
same estate for a construction of the will, and reported
in *Kennedy v. Merrick*, 46 Neb. 260, Norval, C. J., who
wrote the opinion of the court in *Merrick v. Kennedy,
supra,* says the executor had no interest in the estate of
his testator because, "by the will, the executor is not
made a trustee, and the will contains no provision making
it his duty to hold, control, or manage the real estate or
any legacy bestowed for the benefit of the devisees or
legatees named therein."

In *Merrick v. Kennedy, supra,* the will created no trust
for the executor to administer, and his entire duty would
be performed by delivering to the legatees and devisees the
property described in the order of distribution. In the
instant case, however, the executors are charged by the
will with the duty of administering a trust of such a
character that it was difficult for any one other than
themselves to protect the trust estate. In considering
this subject Judge Dixon, in the case of *Green v. Black-
well,* 32 N. J. Eq. 768, says: "Whoever stands in a
cause as the legal representative of interests which may
be injuriously affected by the decree made, is, within the
meaning of these laws, aggrieved, and, therefore, may ap-
peal."

At the time the executors appealed no other persons had
appeared in the county court or in the district court to
represent the *cestui que trustent,* and the executors would
have been shamefully derelict in the performance of their
duty had they acquiesced in the order of the county court
which diverted a fortune from the objects of the testator's
bounty. By what has been said we do not prejudge the
case on the merits, but are assuming for the purposes of
this motion that the trust may be administered notwith-
standing the objections made thereto.

The appellees assert that the attorney general has no
authority to intervene in the case or to prosecute an ap-
peal to this court. The briefs and arguments upon these

propositions are so meager that we shall reserve the question for consideration in disposing of the case upon its merits.

The motion to dismiss the case is

OVERRULED.