IN RE ESTATE OF BENJAMIN F. RAYMOND.
FRANK M. JOHNSON, EXECUTOR, APPELLANT, V. HENRY
RAYMOND ET AL., APPELLEES: YORK & YORK,
INTERVENERS, APPELLANTS.

FILED NOVEMBER 25, 1932. No. 28554.

*Frank M. Johnson, York & York* and *Craft, Edgerton & Fraizer,* for appellants.

*T. F. Hamer, H. L. Wilson* and *W. A. Stewart, contra.*

Heard before GOSS, C. J., ROSE, DEAN, GOOD, EBERLY, DAY and PAINE, JJ.

PAINE, J.

This cause comes on upon a motion to dismiss the appeal of York & York, attorneys and interveners, and also upon a motion to dismiss the appeal of Frank M. Johnson, proposed executor.

The facts may be briefly outlined as follows: Benjamin F. Raymond died October 2, 1931, leaving a last will, which was duly offered for probate in Dawson county, Nebraska. Objections were filed to the probate of the will, and, upon the trial, the county court entered an order refusing to admit the will to probate. Thereupon, Frank M. Johnson, the proposed executor named in the will, with

Winnie May Roudiez, sole legatee and devisee under the will, took an appeal to the district court for Dawson county. That upon April 9, 1932, the said Winnie May Roudiez filed a written dismissal of her appeal in the district court, and upon April 15, 1932, she filed a written withdrawal of said dismissal, claiming therein that the dismissal filed April 9 had been filed by T. F. Hamer, one of the attorneys for the contestants of the will. That upon April 19 a motion was filed to strike from the files the withdrawal of the dismissal. That also on the 19th day of April, 1932, there was filed in the office of the clerk of the district court a notice of an attorney's lien by York & York, who had been given a contract in writing by Winnie May Roudiez to pay them a fee equal to 50 per cent. of any amount they recovered for her in said estate, the said estate having an estimated value of $15,000, and on the same day leave was granted Frank M. Johnson, proposed executor, to file objections to the dismissal of said appeal; and all of said matters came on for hearing before the district court upon April 19, 1932, and, having taken the matter under advisement, the district court, upon May 7, 1932, found that Winnie May Roudiez in open court has requested that her appeal be dismissed, and finds further that York & York have a claim for attorney's lien for services rendered her under said contract, and further finds that the appeal was dismissed by Winnie May Roudiez without the knowledge or consent of her attorneys, York & York, or Frank M. Johnson, executor, and with the intent on her part to defeat York & York of receiving pay for their services rendered in her behalf under said contract. The court further found that the petition of intervention, which had been filed by York & York, should be dismissed, and directed that the objections of York & York and Frank M. Johnson, proposed executor, to the dismissal of the appeal by Winnie May Roudiez should be overruled, and all appeals were thereupon dismissed with prejudice to any further prosecution of the action by York & York, Frank

M. Johnson, or Winnie May Roudiez, but the trial court also held that the judgment entered should be without prejudice to the right of York & York, attorneys, and Frank M. Johnson, proposed executor, to maintain a claim against said estate for services rendered said estate in the application to admit such purported will to probate, and without prejudice to York & York, attorneys, and Frank M. Johnson, proposed executor, prosecuting any claims they might have against Winnie May Roudiez. Supersedeas bond was fixed in the sum of $100. This cause comes on first upon a motion made in this court to dismiss the appeal of York & York, attorneys, for the reason that they filed no supersedeas bond and no bond for costs. This court has held in *Greb v. Hansen*, 123 Neb. 426, and in *Paper v. Galbreth*, 123 Neb. 841, that section 20-1914, Comp. St. 1929, means that an appellant must file such bond within three months from the rendition of a final order in the district court, which he is appealing from, and that, if no such bond is filed, the appeal shall be dismissed, and therefore the appeal of York & York, attorneys, is hereby dismissed.

We will now consider the motion filed by the appellees, asking that the appeal of Frank M. Johnson, executor, be dismissed. We are cited in the brief of Mr. Johnson to the statute, section 30-1306, Comp. St. 1929, which reads: "Any person aggrieved by any order, decree, or denial of a court in pursuance of the provisions of this article may appeal therefrom as provided for in other cases." We are also cited to several Nebraska cases.

*In re Estate of Gunderman*, 102 Neb. 590, Aubrey A. Smith filed a petition to probate the will, which was contested, and the county court admitted the will to probate, and the contestant upon appeal won in the district court. Thereupon, the executor, who had been appointed by the county court, appealed to this court, and it is held that, when a contestant appeals to the district court, an executor may appeal to this court.

*In re Estate of Creighton*, 88 Neb. 107, there was a

provision in the will of Creighton which bequeathed $50,-000 to his executors, to be held by them in trust for establishing a home for poor working girls, and upon the county court declaring this paragraph invalid, it is held that the duly appointed executors have the right to appeal therefrom.

In *Gannon v. Phelan,* 64 Neb. 220, it was specifically held that whether Thomas Gannon as administrator had the right to appeal was not determined in that case.

The appeal of Johnson, proposed executor, is for the purpose of allowing him to be given the right to prosecute the will contest in the district court, which has already been dismissed by the sole and only legatee and devisee under the will. It may be admitted that all of the cases cited above show that an executor, who has been duly appointed, has the right to make such an appeal, but do these cases sustain the proposition that a proposed executor, who has been denied appointment by the county court, which action has been affirmed by the district court, has the right to appeal a controversy between the sole beneficiary under a will and the contestants under that will, when the sole beneficiary has dismissed the action and no controversy now exists?

Agreements to settle an estate between the members of the family are favored in law, and when fairly made, and the rights of creditors are not affected, such agreements and settlements are usually not allowed to be disturbed by the parties, or by any others for them. 11 R. C. L. 29, sec. 15.

In *Lehr v. Switzer,* 213 Ia. 658, it was held that a beneficiary under a will had a right to file an unconditional renunciation of all benefits under the will, and that his creditors could not complain of such renunciation, and, by such renunciation, the property renounced became intestate property and passed to the heirs of the testator.

"From the nature of the answers of the two defendants who unite in the prayer of the petitioner, they are not injuriously affected by the decree. The cause as to them

is at an end; the decree does not aggrieve them. The same may be said of the administrator, who is a mere trustee, and as such must stand indifferent as to how the decree goes, or as to who gets the money." *Porter's Heirs v. Porter,* 7 How. (Miss.) 106, 40 Am. Dec. 55.

As the heirs in this estate have settled all matters between them, how can the proposed executor have any controversy with them?

In *Merrick v. Kennedy,* 46 Neb. 264, it holds: "The executor of an estate, as such, cannot prosecute an appeal from a final order of distribution made by the county court, where he is not pecuniarily affected by such order." In the text it states that the executor could not have been aggrieved or injuriously affected by the order in question, and hence has no such standing in the case as to authorize him to prosecute an appeal.

*In re Estate of Creighton,* 88 Neb. 107, it holds that, as the executors, who had been duly appointed, were charged with the duty of administering a trust, they would have the right to appeal, but in the case of *Merrick v. Kennedy, supra,* the will created no trust for an executor to administer, and his entire duty would be performed by delivering to the legatees and devisees the property described in the order of distribution.

*In re Estate of Craig,* 101 Neb. 439, it was held that an administrator who, in paying out money in the estate, had ignored one heir, cannot in his representative capacity appeal from the final order directing distribution to other persons, for it is held that the law does not permit the person who represents the estate to use it for individual purposes, that is, seeking to protect his own individual interests.

In a New York case, the court stated as legal aphorisms: "1. There can be no executor where there is no will. 2. Unless a will is admitted to probate there can be no letters testamentary. 3. Until letters testamentary or of administration are issued upon an estate of a decedent, there is no legal representative of the estate. 4.

Although a person is nominated as executor in a paper purporting to be a will, he is under no legal obligation to accept." *Dodd v. Anderson,* 197 N. Y. 466, 18 Ann. Cas. 738.

It stands to reason that, as the will is the only source of the executor's power and the letters testamentary are the only evidence of his authority, if the will is denied probate and the letters are never issued, he who assumes to act as executor is merely a volunteer, who assumes the risk of having all his acts repudiated by a court of competent jurisdiction.

In the case of *Kelly v. Kennedy,* 133 Minn. 278, Ann. Cas. 1918D, 164, it states that an executor, ultimately unsuccessful, though he acts in good faith, is not entitled to payment out of the fund, and this notwithstanding the will was admitted to probate in the first instance.

"Until a decree is entered invalidating a will, the executor named therein is clothed with the authority and burdened with the duty to represent the deceased and carry the will's provisions into effect, but if the will is declared invalid by the decree of a court of competent jurisdiction, until such decree is reversed the situation is as if no will had been made." *In re Estate of Crumbaker,* 217 Ill. App. 411.

In 3 Woerner, American Law of Administration (3d ed.) 1786, we find stated that, if the executor assumes the burden of a contest which properly belongs to the legatees or devisees, he must look to them, and not to the estate, for reimbursement. But, in the case at bar, he is assuming authority to contest a matter which the only legatee has entirely settled.

One named as administrator cannot appeal from a decree revoking his letters on account of the subsequent probate of a will of his decedent, for his only interest in the estate is for reimbursement for the expenses he has incurred while acting under the letters granted to him. *Cairns v. Donahey,* 59 Wash. 130.

In the case at bar, the sole beneficiary renounced all

of her claims under the will. This had the effect of canceling the will, and the property became the property of an estate which was intestate, and would thereby pass to the heirs under the general laws of descent. The proposed executor cannot secure any relief against the sole beneficiary for dismissing her appeal. The contestants or heirs have no longer any controversy with the sole beneficiary, and have no controversy with the proposed executor, who has never received letters of administration under the will.

The appeal from the denial of probate in the county court to the district court, and the appeal from the district court to this court, would be for the purpose of determining finally whether there was a valid will, but the sole beneficiary under that will has dismissed the appeal. Is there any controversy left to be tried out by an appeal to this court? If we should retain this appeal of the proposed executor, even though no controversy exists and no substantial rights of the heirs are affected, what would be gained? Even if it was eventually decided that the instrument was the last will of the deceased, it would pass no property, for the sole beneficiary has renounced all rights thereunder, and the property is being distributed as an intestate estate. What purpose can be served by further prolonging this litigation? We see none, and therefore sustain the motion to dismiss the appeal of Frank M. Johnson, the proposed executor.

APPEAL DISMISSED.