FRANK HEINISCH, APPELLEE, V. TRAVELERS MUTUAL CASUALTY COMPANY, APPELLANT.

280 N. W. 234

FILED JUNE 15, 1938. No. 30255.

14

*Johnsen, Gross & Crawford,* for appellant.

*John A. McKenzie, contra.*

Heard before Goss, C. J., Rose, Eberly, Day, Paine, Carter and Messmore, JJ.

Eberly, J.

This is a proceeding in the district court for Douglas county to secure a recovery for violations of rights declared and conferred by section 7-108, Comp. St. 1929. A jury was impaneled and sworn. Evidence was introduced in behalf of all parties. At the conclusion of the testimony, the district judge, on his own motion, discharged the jury, and, after argument of counsel, entered findings and judg-

ment that the plaintiff have and recover from the defendants, Travelers Mutual Casualty Company and Safeway Cabs, Inc., a corporation, the sum of $470.60, with costs of suit. The "defendants and each of them" thereupon filed motion for a new trial, and from the order of the trial court entered on May 8, 1937, overruling such motion, the Travelers Mutual Casualty Company alone gave notice of appeal. On May 28, 1937, a supersedeas bond in the sum of $1,000 was executed and filed by the Travelers Mutual Casualty Company alone, in its own behalf, conditioned that it "shall prosecute its appeal to effect and without unnecessary delay and that said appellant, if judgment be adjudged against it on the appeal, will satisfy such judgment and costs." This bond was duly approved, and in due time a duly certified transcript on appeal was filed.

The defendant Safeway Cabs, Inc., has given no notice of appeal, and has filed neither a supersedeas bond, prescribed by section 20-1916, Comp. St. 1929, nor the cost bond or undertaking in the sum of $75 required by section 20-1914, Comp. St. 1929, nor has a cash deposit in lieu of this bond been made in its behalf.

The statutory requirement as to appeal bonds is mandatory, and without compliance therewith this court is without jurisdiction, and an appeal will not be allowed. Comp. St. 1929, sec. 20-1914. See, *Greb v. Hansen,* 123 Neb. 426, 243 N. W. 278; *Paper v. Galbreth,* 123 Neb. 841, 244 N. W. 896; *In re Estate of Raymond,* 124 Neb. 125, 245 N. W. 442.

It also appears that "appellant's brief day" has been thrice extended by stipulation in writing executed in behalf of the Travelers Mutual Casualty Company only.

It is obvious that the Safeway Cabs, Inc., has not appealed, and is not entitled to any of the rights of an appellant in this court.

Rule 7 of this court provides: "The party or parties appealing shall file with the transcript a præcipe which shall state * * * the names of all parties and their relations to the case as they appeared in the court below. The præcipe shall also specify the party or parties appealing and desig-

nate all others made parties to the appeal as appellees." This rule was not complied with in the instant case, no præcipe whatever being filed, and the Safeway Cabs, Inc., who is not an appellant, is not before us as an appellee. The form of the judgment against the Travelers Mutual Casualty Company and the Safeway Cabs, Inc., we have hereinbefore set forth.

In this connection, the established rule of procedure in this jurisdiction, is: "All parties to a cause tried in the district court who may be affected by the modification or reversal of the judgment must be made parties in the proceedings to review the said cause in the supreme court." *Barkley v. Schaaf*, 110 Neb. 223, 193 N. W. 267. See, also, *Reilly v. Merten*, 125 Neb. 558, 251 N. W. 114; *Bliss v. Farmers Grain & Stock Co.*, 127 Neb. 147, 254 N. W. 725.

It is obvious that the judgment not having been appealed from by the Safeway Cabs, Inc., and it not having been made an appellee herein, as to it such judgment is not subject to modification or reversal. The question as to whether the appeal is properly pending as to the Travelers Mutual Casualty Company, in view of the absence of necessary parties, there being no motion to dismiss in the record, we will reserve for the present.

On the merits of the appeal, the Travelers Mutual Casualty Company, at the time of the transaction in suit, was the insurance carrier for Safeway Cabs, Inc., a corporation. On December 26, 1933, one Moorer, a colored man, was struck at a street crossing in the city of Omaha by one of the taxicabs of the defendant Safeway Cabs, Inc. Moorer was taken to a hospital by the driver of this cab. Plaintiff herein, an attorney at law, was called to the hospital by the injured man, and, associated with attorney John A. McKenzie, was employed by Moorer to commence and prosecute an action for damages received in the accident. A written contract evidencing this employment was properly subscribed and is in the record. Thereupon a petition was drawn and verified by Moorer and immediately filed in the district court for Douglas county on December 28, 1933.

At the same time a written "attorney's lien," setting forth in apt language the claims of plaintiff's attorneys, as required by section 7-108, Comp. St. 1929, was filed in the cause and thereafter remained as part thereof. Two days later the deposition of Arthur H. Muller, the driver of the cab inflicting the injury, was taken on notice served by plaintiff in behalf of Moorer. At the taking of this deposition, Gerald M. Vasak, an attorney, employed and paid for that purpose by the Travelers Mutual Casualty Company, appeared on behalf of the defendants. On January 29, 1934, a motion was filed in such case in the district court for Douglas county, attacking the petition, which is subscribed by Gerald M. Vasak and John D. Lynch, both of whom were employed by the insurance carrier. Lynch also appears in the record as "vice-president" of Travelers Mutual Casualty Company, and as its "general counsel."

It also appears in the record that, when plaintiff was calling upon his client in the hospital, he found Mr. Schafer, claim agent for the Travelers Mutual Casualty Company, and John D. Lynch, its vice-president and general counsel, conferring with Moorer. In reply to his remonstrance against this conduct, "Mr. Lynch said that they were just out there to see if Mr. Moorer was getting along all right, and gave him a carton of cigarettes." Shortly thereafter, by a letter dated January 10, 1934, written in lead-pencil, paragraphed, and of excellent composition and form (until the writer thereof had occasion to affix his name), Moorer advises each of his employed attorneys "that I do not desire that you act as my attorney," etc., and, "I do not recall that I ever signed any papers to employ you." The uncontradicted evidence in the record is that Moorer subsequently repudiated these two letters. However, on February 5, 1934, in company with another attorney, Moorer appeared before the presiding judge of the Douglas county district court and had his action dismissed, "without prejudice." At this hearing it does not appear that the plaintiff's attorney's lien on file was called to the attention of the district judge who entered the order of dismissal. This attorney

swears that he is unable to tell who it was that requested him to make a call on Moorer that resulted in his employment by the latter. However, this attorney finally settled Moorer's case between the 10th and 15th of April, 1934. Plaintiff and McKenzie, his cocounsel, were neither consulted with nor advised of the settlement thus made and their claimed lien was wholly ignored. By the terms of this settlement thus made, the Travelers Mutual Casualty Company paid Lord Lister Hospital $115, Drs. Henry and Arnt- sen $100, and $800 for Moorer. Moorer then disappeared and could not thereafter be found and is said to have gone to Louisiana.

It appears that Gerald M. Vasak, who was one of the attorneys for the defendants, knew nothing about this settlement or the dismissal of the suit instituted by plaintiff and his cocounsel until a long time after it occurred. In part, his testimony is as follows: "A. When did you say it was dismissed? Q. February 5th. A. About three weeks after (February 26, 1934), I believe Mr. Lynch came to our office to pick up the file I had, and said there would be nothing more for me to do in the case and I had nothing more to do with it." Further that "He (Lynch) made his own settlement."

Attorney Vasak was employed by the Travelers Mutual Casualty Company for court work exclusively. While his firm's name appears in the record, as employed, whatever was entrusted to the firm by the Travelers Mutual Casualty Company he handled. He was neither consulted in or had anything to do with the settlement of the Moorer case. It is quite obvious from the entire record that this settlement was made by John D. Lynch, vice-president and general counsel for the Travelers Mutual Casualty Company, with the possible assistance of Mr. Schafer, claim agent working under his direction, who was with him on the occasion of his call on Moorer in the Lord Lister Hospital.

In view of the surrounding circumstances and the subsequent developments appearing in connection with this case, the proper application of the following excerpt from the

Canons of Professional Ethics of the American Bar Association is suggested, viz.: "9. Negotiations with Opposite Party.—A lawyer should not in any way communicate upon the subject of controversy with a party represented by counsel; much less should he undertake to negotiate or compromise the matter with him, but should deal only with his counsel." Vol. 60, Reports of American Bar Association (1935), p. 685.

Under the facts of this record, the Travelers Mutual Casualty Company and John D. Lynch, its vice-president and general counsel, were clearly chargeable with notice of the existence of plaintiff's attorney's lien, and indeed with actual knowledge thereof at the time the subsequent settlement was made with Moorer and the money paid him. *Elliott v. Atkins,* 26 Neb. 403, 42 N. W. 403; *Cones v. Brooks,* 60 Neb. 698, 84 N. W. 85.

This court has long been committed to the view that, "An attorney may have a lien upon the claim of his client in an action for personal injury." *Corson v. Lewis,* 77 Neb. 449, 114 N. W. 281.

The situation here presented invokes the application of this rule, viz.: "A settlement made at the instigation of the attorneys for defendant, without the knowledge of the attorneys for plaintiff, and without making suitable and sure provision for their compensation, is viewed with suspicion." 7 C. J. S. 1183, sec. 231. This conclusion, which the record as an entirety sustains, is, in a measure, fortified by the failure of the defendants to produce the evidence of John D. Lynch at the trial in the district court. *Brown v. Maryland Casualty Co.,* 55 Fed. (2d) 159; *Lincoln Nat. Life Ins. Co. v. Erickson,* 42 Fed. (2d) 997; *Ryan v. Continental Casualty Co.,* 47 Fed. (2d) 472; *Aetna Life Ins. Co. v. Ryan,* 255 Fed. 483.

Under the facts disclosed by the present record, the defendants were not in any manner prejudiced by any delay which ensued after the dismissal of the action by Moorer as plaintiff, which had been instituted by the plaintiff herein as Moorer's attorney. We quite agree that Moorer possessed

the unquestionable right to dismiss the action at any time, as to his interest therein, but subject to his attorneys' rights, and upon payment of taxable costs. But in the instant case, under the facts presented, the Travelers Mutual Casualty Company being chargeable with actual knowledge of the terms of the attorney's lien filed by plaintiff made their subsequent settlement with Moorer subject to plaintiff's rights.

At the close of the evidence at the trial in the district court, there were no disputed facts for a jury to determine. Indeed, there was no substantial conflict in the evidence on points material to the controversy, and no inferences about which reasonable men might differ to be drawn from the facts and circumstances proved. Even as to the amount of recovery, the plaintiff, if entitled to recovery at all, was entitled to recover a specified per cent. on an amount specified and rendered certain by unchallenged facts. The trial court, therefore, properly withdrew from the jury further consideration of the case at the close of all the evidence. *Depugh v. Brown,* 158 Ia. 165, 138 N. W. 908; 64 C. J. 344, 361; *Chicago, B. & Q. R. Co. v. Bernard,* 32 Neb. 306, 49 N. W. 362; *Linton v. Baker,* 1 Neb. (Unof.) 896, 96 N. W. 251; *Kirshenbaum v. Massachusetts Bonding & Ins. Co.,* 107 Neb. 494, 186 N. W. 529.

It must be conceded, under the terms of our Nebraska statute (Comp. St. 1929, sec. 7-108), as it has heretofore been construed in this jurisdiction, that, after an attorney's lien has attached, the party adverse to his client cannot, if he has notice thereof, destroy it by a voluntary settlement made without consent or knowledge of the attorney without rendering himself liable for the value of the lien. 5 Am. Jur. 408, sec. 246; *Noell v. Missouri P. R. Co.,* 335 Mo. 687, 74 S. W. (2d) 7, 94 A. L. R. 684; *Gibson v. Chicago, M. & St. P. Ry. Co.,* 122 Ia. 565, 98 N. W. 474; *Corson v. Lewis,* 77 Neb. 449, 114 N. W. 281.

It follows that the judgment entered by the trial court in this case is right, and it is

AFFIRMED.