VERNON HOFFMAN, APPELLANT, V. STATE OF NEBRASKA:
BOARD OF REGENTS OF THE UNIVERSITY OF NEBRASKA,
APPELLEE.

8 N. W. (2d) 200

FILED FEBRUARY 5, 1943, No. 31571.

*Kenneth S. Wherry* and *G. E. Price,* for appellant.

*Cline, Williams & Wright, contra.*

Heard before SIMMONS, C. J., ROSE, EBERLY, PAINE, CAR-
TER, MESSMORE and YEAGER, JJ.

CARTER, J.

This is an action commenced for the recovery of benefits
under the workmen's compensation law. The trial court
held for the defendant and plaintiff appeals. The issue here
presented arises on a motion to dismiss the appeal for fail-
ure of plaintiff to file a cost bond in accordance with sec-
tion 20-1914, Comp. St. Supp. 1941.

The workmen's compensation law, section 48-174, Comp.
St. Supp. 1941, provides in part as follows: "Any appeal
from the judgment of the district court shall be prosecuted
in accordance with the general laws of the state regulating
appeals in action at law except that such appeal shall be
perfected within thirty days from the entry of judgment by
the district court * * *." The general law of the state reg-
ulating appeals in action at law is section 20-1914, Comp. St.
Supp. 1941, which states in part: "In appeal or error pro-
ceedings in any case taken from the district court to the su-
preme court the appellant or appellants shall, within three
months next after the rendition of the judgment or decree

or the making of the final order, sought to be reversed, vacated or modified, or within three months from the overruling of a motion for a new trial in said cause, file in the district court a bond or undertaking in the sum of seventy-five dollars to be approved by the clerk of the district court, conditioned that the appellant shall pay all costs adjudged against him in the supreme court; or, in lieu thereof, shall make a cash deposit with said clerk of at least seventy-five dollars for the same purpose: Provided, that if a supersedeas bond is executed no bond for costs shall be required." No bond or cash deposit was given as required by this statute.

It is contended by plaintiff that the provisions of section 48-175, Comp. St. Supp. 1941, relieves an appellant in a workmen's compensation case from the necessity of furnishing a cost bond or cash deposit as required by the general statute on the subject. Section 48-175 provides as follows: "No filing fees shall be charged by the clerk of any court for any service required by this Act." That this statute is effective to relieve parties from the payment of filing fees in cases brought under the workmen's compensation law has been previously determined. *Scott v. Dohrse*, 130 Neb. 847, 266 N. W. 709. But it does not have the effect of relieving such parties from the payment of all costs, nor does it relieve appellants in such cases from the requirements of section 20-1914, Comp. St. Supp. 1941, regarding the providing of a cost bond or cash deposit on appeal. All costs other than filing fees are taxable in a compensation case and a bond or cash deposit is necessary on appeal to insure their payment.

Plaintiff urges that section 48-174, Comp. St. Supp. 1941, was adopted subsequent to section 20-1914, Comp. St. Supp. 1941, and consequently that it can have no application. We do not think there is any merit in this argument. Section 20-1914 was strictly a procedural statute before and after its amendment in 1941 and consequently would be applicable as amended. But assuming that the former statute, section 20-1914, Comp. St. 1929, applied, plaintiff's conten-

tion would lack merit under the decisions of this court interpreting that statute. *Greb v. Hansen*, 123 Neb. 426, 243 N. W. 278; *Heinisch v. Travelers Mutual Casualty Co.*, 135 Neb. 13, 280 N. W. 234.

We conclude that an appellant in a suit seeking benefits under the workmen's compensation law is required, in perfecting an appeal to this court, to file a cost bond, or make a cash deposit in lieu thereof, within the time prescribed by section 20-1914, Comp. St. Supp. 1941. It appearing that no such bond or deposit was filed within the prescribed 30-day period or within any additional period fixed by this court for good cause shown, the motion of the defendant is well taken and the appeal is dismissed.

APPEAL DISMISSED.

ROSE and EBERLY, JJ., not participating.